The chief justice
 

 delivered the opinion of the court.
 

 “ The only question in this case is, Whether an action
 
 “
 
 of
 
 indebitatus assumpsit
 
 can be maintained by the assignee
 
 “
 
 of a promissory note made in Virginia, against a re- “ mote assignor.
 

 “ The act of the Virginia assembly which makes notes “ assignable, gives the assignee an action of debt in his own “ name against the maker of the note, but is silent with “ respect to the claim of the assignee against the assignor. “ It was therefore long a doubt whether the assignor be- “ came liable on his mere assignment, without any special “ agreement, for the contents of the note, in the event “ of the insolvency of the maker. This doubt has at “ length been settled in Virginia, so far as to declare the “ liability of the assignor on such assignment; but not the “ amount for which he is liable. It seems to be yet a ques- “ tion whether he is answerable for the sum mentioned in “ the note, or for only so much as he received for it,
 
 “
 
 provided he shall be able to prove the sum actually re- “ ceived. It is also a question whether the assignee can “ have recourse to any other than his immediate assignor.
 

 “ As the act of assembly gives no right to sue the as- “ signor, such an action can only be maintained on the “ promise which the law implies from the assignment, and “ consequently can only be sustained by and against the “ persons to and from whom the law implies such a pro- “ mise to have been made. As the assignment is made to “ a particular person, the law implies a promise to that “ person; but it raises no promise to any other. There “ is no fact on which to imply such promise.
 

 “ In the language of the books, there is a privity be- “ tween the assignor and his immediate assignee; but no
 
 “
 
 privity is perceived between the assignor and his remote “ assignee. The implied promise growing out of the in- “ dorsement, is not considered as having been made as- “ signable by the act of assembly, and therefore the as- “ signee of that promise can not maintain an action of
 
 “ indebitatus assumpsit
 
 on it.
 

 
 *299
 
 “ It is therefore the opinion of the court that this ac- “ tion is not maintainable and that the judgment ought “ to be reversed.”
 
 *
 

 *
 

 See note (A.) in the appendix to this volume of reports.