Edwards, Ch. J.
now delivered the opinion of the court. — .The principal question to be decided, is, whether the action was maintainable by Johnson, the last assignee, against Drake, a remote assignor ; there being an intermediate endorser between them ?
In Mandeville and Farmison vs. Riddle, & Co. in the supreme court of the United States, reported in 1 Cranch 290, it was decided, that in Virginia, an indor-see of a promissory note, cannot maintain -an. action against a remote indorser, for want oí privity.. A, similar decision has been .given in one of the district courts-of Virginia, which has been acquiesced in : and it is believed, a similar decision has been given in the supreme court of Maryland.
*223 It is true, these decisions are not binding authority upon us ; but they certainly deserve our respect; especially that of the supreme court of the United States ; as well on account of its being the highest tribunal of justice in the Union, as on account of the acknowledged learning of the judges.
The act of assembly in this country, making notes, &c. assignable, has not placed them on the footing of bills of exchange ; as was done by the statute of Anne. But with that statute before them, the legislature has made notes, &c. assignable, without using the expressions, “in like manner with bills of exchange have enabled the assignee to maintain an action in his own name; and have declared they shall be subject to the same objections in the hands of the assignee, that they were subject to in the hands of the assignor. This proves, that our legislature, patterning after Virginia, whose laws on the subject are the same in substance ; did not intend to elevate them to the rank of mercantile paper ; nor that they should be governed by the law of merchants.
This court accords in opinion with the supreme court of the United States, that “As the act of assembly gives no right to sue the assignor, such an action can only be maintained on the promise w hich the law implies from the assignment; and consequently, can only be sustained by and against the persons, to and from whom, the law implies such a promise to have been made.” As the assignment is made to a particular person, the law implies a promise to that person, but raises no promise to any other.
There is a privity of contract between the assignor and his immediate assignee ; but no such privity exists between the assignor and a remote assignee. It is held in Spencer’s case, 5 Co. 16, 3d resolution — Doug. 736, and many other books, that there is no privity of contract'between the lessor and the assignee of the lease, whether the lease be of land, or of a personal matter, as of a flock of sheep ; because the lessee is interposed between them : but the privity of contract remains between the lessor and lessee, notwithstanding the assignment.
. The same reason is applicable to this case, and shews that no privity exists between the assignor and a remote assignee. Privity of estate cannot apply to the; case.
*224 The law of merchants cannot apply between the as-* signor and a remote assignee of a note or bond assigned, under our act of assembly ; for if it could apply, it would place the implied contract, growing out of the assignment of a note or bond, Upon a more elevated footing than the express contract, the n-ne itself; which would involve the absurdity of making the incident greater and more worthy than the principal,
We are therefore of opinion, both upon principle and precedent, that the action is not maintainable by the as-signee, Johnson, against the remote assignor,Drake ; but that he must resort to his immediate assignor ; and consequently, that the judgment of the inferior court is erroneous.-Judgment reversed.