## PIERCE *against* CRAFTS.

*Indebitatus assumpsit* lies by the *holder* of a note payable to A. B. or *bearer*, or by the endorsee of a note, against the maker.

IN ERROR from the court of common pleas of *Otsego* county. *Crafts* brought an action of *assumpsit* against *Pierce*, in the court below. The declaration was on the counts, for money lent, money paid, and for money had and received to the use of the plaintiff. The defendant pleaded *non assumpsit*. At the trial, in support of his declaration, the plaintiff offered in evidence two notes. The first was as follows: "For value received, due *William Douglass*, or *bearer*, fourteen dollars and fifty cents, with interest, payable the 1st *March* next. *Springfield*, 8th *November*, 1811. *James Pierce*." The second note was dated *December* 26, 1811, and the defendant promised, for value received, to pay *William Douglass*, or *bearer*, the sum of eighteen dollars, with interest, &c. The execution of the notes by the defendant below was admitted; but his counsel insisted that they could not, without further evidence, be admitted in support of the plaintiff's declaration. The court below, however, overruled the objection, and directed the jury, that the notes were admissible in evidence in support of the plaintiff's action, and the jury found a verdict for the plaintiff for twenty-five dollars and fifty-five cents. A bill of exceptions was tendered by the plaintiff's counsel to the opinion

of the court of C. P., on which a writ of error was brought to this court.

*Seely*, for the plaintiff in error. *Indebitatus assumpsit* will not lie in any case, except where debt lies.* Now, *debt* lies only between the immediate parties to the contract. It will not lie against the *accepter* of a bill of exchange ;† nor by an endorsee against the maker of a note ; nor, where there is not some privity between the plaintiff and defendant.‡

In *Waynam* v. *Bend*,§ where a note was payable to *L. T.* or bearer, Lord *Ellenborough* held, that the plaintiff could not recover under the money counts, as he was not an original party to the bill.

*Warner*, contra. The act‖ concerning promissory notes, taken from the *English* statute of 3 and 4 *Anne*, c. 9. s. 1., declares that all notes in writing made, &c. whereby such person shall promise to pay any other person, &c. his or their order, or unto bearer, any sum of money therein expressed, shall be taken to be due and payable as therein expressed, and shall have the same effect, and be negotiated in like manner, as inland bills of exchange, according to the custom of merchants; and that the payees or endorsees of every such note, &c. shall and may maintain their action, &c. against the makers and endorsers of the same respectively, in like manner as in cases of inland bills of exchange, and not otherwise.

A note is, *prima facie*, evidence of money lent by the payee to the maker, and, consequently, of money had and received by the maker to the use of the holder, and of money paid by the holder to the use of the maker.** In *Grant* v. *Vaughan*,†† Lord *Mansfield* says, " I do not find it any where disputed, that an action upon an *indebitatus assumpsit*, generally, for money lent, might be brought on a note payable to one, or order.‡‡ Great force arises from the act of parliament of 3 and 4 *Anne*, putting notes merely on the footing of inland bills of exchange, and particularly specifying " notes payable to *bearer*." And he adds, " but on the second count," which was *indebitatus assumpsit* for money had and received to the use of the plaintiff, " the present case is quite clear, beyond all dispute. For, undoubtedly, an action for money had and received to the plaintiff's use, may be brought by the *bona fide bearer* of

* *Hard's case*, 1 *Salk.* 23.
Hardres, 485. 1 *Ld. Raym.* 69.
† 2 *Selwyn's N. P.* 469.
‡ *Chitty on Bills*, 263. 265. 1 *East*, 98. 3 *Bos. & Pull.* 559. 3 *East*, 177. 1 *Chitty's Pl.* 94.
1 *Cranch's Rep.* 290,
§ 1 *Camp. N. P. Rep.* 175.
‖ 1 *N. R. L.* 151. sess. 24, c. 44.

** *Bayley on Bills*, 95. *Chitty on Bills*, 267.
†† 3 *Burr.* 1516.
‡‡ 2 *Ld. Raym.* 758. 930.

a note payable to *bearer.* There is no case to the contrary. It was certainly money received for the use of the original advancer of it; and if so, it is for the use of the person who *has* the note, *as bearer.*"

In *Tatlock* v. *Harris,*[*] this doctrine was fully recognised by Lord *Kenyon.*

* 3 *Term Rep.* 174. S. P. *Vere* v. *Lewis. Ib.* 182.

It is true, Lord *Holt* would not allow an action of *indebitatus assumpsit* on the note, and he was pertinacious on this head;[†] but he allowed the note to be given in evidence under the general count. It was, no doubt, in consequence of the opinion of Lord *Holt,* that the statute of 3 and 4 *Anne* was passed. To support the count for money had and received, it is not necessary, in all cases, to give positive evidence that the defendant has received money belonging to the plaintiff. It is enough if the facts proved afford a fair presumption that money has been received to the use of the plaintiff.[‡]

† 6 *Mod.* 29. 1 *Salk.* 129.

In *Dimsdale* v. *Lanchester,*[§] Lord *Ellenborough* held, that an action for money had and received by the endorsee of a note against the maker, was maintainable; that a person who puts his name to a promissory note, thereby acknowledges that he has, in his hands, money of the payee of the note, and undertakes to pay it to whoever is legally entitled to receive it. A note payable to *J. S.* or bearer, is payable to the *bearer: J. S.* is a mere cypher, and the note passes by delivery, without endorsement. The person named ceases to be a party to it;[‖] and notes endorsed in blank pass by delivery. Possession is, in such case, evidence of title.[**]

‡ *Tuttle* v. *Mayo,* 7 *Johns. Rep.* 132. *Doug.* 137. § 4 *Esp. N. P. Cases,* 201.

‖ *Bayley on Bills,* 12. 31. *Ld Raym.* 442. 724. 929, 930. ** *Doug.* 611. 683. 2 *Dallas,* 146. *Chitty on Bills,* 90. 93.

Want of *privity* is no objection to an action of *indebitatus assumpsit,* for money had and received. There are numerous cases in which the action has been maintained, without showing a privity between the parties.[††]

†† 1 *Cranch's Rep.* 440. 443. and cases cited.

*Seely,* in reply. The case of *Grant* v. *Vaughan* was decided on a point different from the one raised in the case. In *Tatlock* v. *Harris,* the note was payable to a fictitious person, and the court considered it as equivalent to a bill payable to bearer. In the case of *Gibson* v. *Minet,*[*] decided in the house of lords, all the cases are examined and reviewed, and so far as they are contrary to the doctrine for which we contend, are overruled.

‡‡ 1 *H. Black.* 569—602.

PLATT, J. delivered the opinion of the court.

This was an action of *indebitatus assumpsit* for money had and received, money lent, &c.; and the chief question is, whether the promissory notes in the hands of the plaintiff below, as *bearer*, were properly admitted in evidence under such a count?

It is clear, that as well *before* as *since* the statute making notes negotiable, the person named as *payee* might give such note in evidence, under the general counts for money lent, or money had and received, &c. (*Clerke* v. *Martin*, 2 Lord Raym. 755. *Story* v. *Atkins*, 2 Stra. 719. *Grant* v. *Vaughan*, 3 Burr. 1516. *Smith* v. *Smith*, 2 Johns. Rep. 235. *Arnold* v. *Crane*, 8 Johns. Rep. 81.)

The statute of *Anne* gave an additional remedy, but did not take away the old one.

That statute, as we have adopted it, enacts, " that all notes in writing, made and signed by any person, &c. whereby such person, &c. shall promise to pay to any other person, &c. his or their order, or unto bearer, any sum of money therein mentioned, shall, by virtue thereof, be taken and construed to be due and payable as therein expressed; and shall have the same effect, and be negotiable in like manner, as inland bills of exchange," &c.

The effect of this statute is twofold: first, in making a promissory note evidence, *per se*, of money due; so that it may be declared on like a specialty; and, secondly, in making it negotiable.

If, as all agree, such a note, before the statute, was evidence of money due from the *maker* to the *payee*, so as to support a count for money had and received, I can see no good reason why an *assignee*, by endorsement or delivery, ought not to have the same remedy. It was the object of the statute to place the *assignee* in the same relation to the maker, as the *payee* stood in before; and the legal operation of the transfer is, that the money which, by virtue of the note, was due to the *payee* from the maker, is now due from the maker to the *assignee*.

These notes were payable "to *William Douglass*, or bearer," like the form used in bank notes. " Bearer is *descriptio personæ* of the real payee. It may be that *William Douglass* had no knowledge of the note, or is a fictitious person. The note, however, is transferable by delivery merely, and possession was evidence of property in the plaintiff below, *prima facie*.

It is objected by the counsel for the defendant, that here is no *privity of contract* between these parties ; and several authorities were cited to show that *indebitatus assumpsit* will not lie, except between privies.

To this objection there are two answers : first, there is a legal privity of contract between the maker of a negotiable note and the assignee or bearer in this case. It is a contract to pay the money to whoever may become entitled to it by transfer, as bearer ; and such privity commences as soon as the bearer becomes so entitled. Secondly, it is not true that the action for money had and received can only be grounded on privity of contract. It lies against the finder of money lost. It is the proper action to recover money obtained by fraud or deceit. If a man, without my authority, receive money due to me, I may recover it of him in this form of action ; and certainly, in these cases, there is no privity of contract.

Another objection is, that this general form of action subjects the defendant to unfair surprise. This objection is too large. It would apply with equal force to all the cases above stated, and to many others in which this action is confessedly appropriate. And besides, the defendant may always protect himself against surprise, by demanding a bill of particulars. (*Tidd's Prac.* 534.)

In the case of *Waynam* v. *Bend*, (1 *Campb. N. P.* 175.) precisely like the present case, Lord *Ellenborough* decided that the right of giving a promissory note in evidence under the general money counts, is confined to the original party to whom it was made payable. But this was a *nisi prius* opinion ; and as the plaintiff in that case recovered on another count, as endorsee of the same note, it never became material to revise that decision.

That opinion of Lord *Ellenborough* contradicts the decisions of several of his illustrious predecessors.

In the case of *Tatlock* v. *Harris*, (3 *D. & E.* 174.) it was decided that an endorsee of a bill of exchange may recover against the accepter, under a count for money had and received, and Lord *Kenyon* there says, " In making this decision, we do not mean to infringe a rule of law, which is very properly settled, that a *chose in action* cannot be transferred ; but we consider it as an agreement between all the parties to ap-

propriate so much property to be carried to the account of the holder of the bill."

In the case of *Grant* v. *Vaughan*, (3 *Burr*. 1516.) it was decided that *indebitatus assumpsit* for money had and received, was a proper action to recover the value of a bill of exchange, by the *bearer* against the *drawer;* and Lord *Mansfield* there says, " Undoubtedly, an action for money had and received to the plaintiff's use, may be brought by the *bona fide* bearer of a note, made payable *to bearer.* There is no case to the contrary." The case of *Cruger* v. *Armstrong and another*, (3 *Johns. Cases*, 5.) supports the same doctrine.

Another exception to the record in this case is, that the judgment purports to be rendered upon a verdict for 27 dollars and 55 cents, whereas it appears by the bill of exceptions that the verdict was for 25 dollars and 55 cents only.

To this I think it a sufficient answer, that it is not strictly the office of a bill of exceptions to ascertain the amount of the verdict. The clerk received and enrolled the verdict under the direction of the court, and we must presume the record to be made up according to the official entry of the clerk, which is the best evidence in the case.

The court are of opinion that the judgment below ought to be affirmed.

Judgment affirmed.