STARK.
December 1817

*STARK COUNTY—DECEMBER TERM, 1817.*

Hazlett
*v.*
Painter.    PRESENT—TAPPAN, *President;* HOOVER. COULTER AND HENRY, *Associates.*

## HAZLETT vs. PAINTER, ET. AL.

The endorsee of a note or bond under seal, may maintain debt upon it against the maker.

DEBT, by the endorsee of a note under seal, against the makers of the note.

General Demurrer to the declaration.

LATHROP, in support of the demurrer, contended that an action of debt could not be sustained by the endorsee of a note vs. the maker, because there was no privity of contract; he cited Chitty on bills, 8 and 251—Com. Cont. 508.

GOODENOW, contra.

PRESIDENT.—The question is not, whether an assignee at common law, can maintain an action of debt, but whether the endorsee of a sealed note can, under our statute, maintain such action against the maker; and I incline to think he may. The objection is, that there is no privity of contract between the endorsee and maker: by the " act making certain instruments of writing negociable "—" all bonds, promissory notes, bills of exchange, foreign and inland, drawn for any sum or sums of money, or other property certain, and made payable to any person or persons, or to his, her, or their order, or unto bearer, shall be negociable, by endorsement thereon, so as absolutely to transfer and vest the property therein, in each and every endorsee or endorsees successively." The act then goes on to authorise the endorsee to sue, in his own name, the maker or endorser; the property in this note is transferred, by the endorsement, to the plaintiff, and he is authorised to sue the defendants for it in his own name. I do not see how the plaintiff is to avail himself of the right to sue in his own name, the makers of a sealed instrument but in this form of action. It may be said in this case, as was said in the

case of Peirce vs. Crafts, 12 Johns. 90 —"there is a legal privity of contract between the maker of a negotiable note and the assignee; it is a contract to pay the money to whoever may become entitled to it by transfer, and such privity commences as soon as the endorsee becomes so entitled." Demurrer overruled. Judgment for the plaintiff.