Jones, J.,
dissenting.
This was an action brought by Hunter v. Hempstead, as endorser of two notes of hand, drawn by James Thompson and John P. Finley, as co-partners, in his favor, which he endorsed to John W. Thompson, who endorsed to the plaintiff, Hunter. To which the da'erdant pleaded, first, the general issue; second, that he had never endorsed to J. W. Thompson; and third, that the plaintiff had commenced an action on the same notes, against the makers, which was then pending; one of them having been arrested and appeared thereto.
Issue was joined on the two first plea3, and a general demurrer was filed to the third. The demurrer being sustained, the issues were submitted to the Court without the intervention of a jury.
During the trial, several exceptions were filed to the opinion of the Judge. The first, because the Court had decided it was not necessary for the plaintiff to have exhausted his remedy against the drawers, before he could have recourse against the endorsers. This decision was correct, as has been so determined at this term, in the case of Hunter v. Price, and in some other case3. The next exception was, that the Court decided it not necessary to prove demand of payment from each of the drawers, but that a demand on one of them was sufficient. The Court’s decision on this point was, in my opinion, correct. Was the law otherwise, it would be impossible, in many instances, to recover payment of n'ote3 d:awn by a firm, consisting of several individuals, some one or more of them often residing abroad, for the purpose of carrying on their affairs more extensively and profitably; and were they even to live at the same place, it would he difficult to find them all together. The next exception to the opinion of the Court, is on account of the admission of the following testimony, as conclusive against the defendant, and permitting the plaintiff to make the several assignments he had done on the blanks left oyer the names of the defendant and J. W. Thompson.
*50 The evidence was, that at the time the notes were drawn, the defendant endorsed them, and after him the said J. W. Thompson, when they were delivered to the plaintiff; that the witness knew of no object of the endorsements except to secure the payment to the makers. To which the defendant excepted, insisting that the legal effect thereof was not an endorsement by defendant to John W. Thompson, as so explained, and that the plaintiff had no legal power to write the assignments over the respective names of defendant and J. W. Thompson, which were endorsed in blank on said notes.
Judgment was given for the plaintiff, from which the defendant appealed. The question to be determined is, whether the plaintiff, as endorsee, can sustain his action against the defendant, his remote endorser?
A law of the territory, passed in 1807, (Geyer’s Dig. 66,) authorises the assignment of bonds, bills and notes, and permits an assignee to bring suit in his own name, in the same manner as the assignor could do. But this authority is extended no further than to the immediate assignee, and admitting that this permission could be construed to subsequent assignees, it does not provide for any remedy for the endorsee against any endorser ; as it does not, we must inquire if there are any, and what remedies are pointed out by the common law. Some contend that no action can be maintained by an endorsee against an endorser, in any case; I am of a different opinion, and think that an endorsee can, by the common law, maintain an action against his immediate endorser and the drawers of a promissory note, but not against any remote endorser ; there being no privity between them in law, and that, for want of such privity, the action below could not have been legally sustained, 1 Cranch 290, 298; 3 Cranch 311, Harris v. Johnson; 5 Cranch 146, Violet v. Patten, and 5 Cranch 322, Manderville & Jameson v. Riddle & Co. In the last case, Chief Justice Marshall, in delivering the opinion of the Supreme Court of the United States, says — that the action against the endorser is not given by the statute, (similar nearly to ours.) The endorser is understood to pass tp the endorsee, every right he possessed to the note; among these is his right against prior endorsers. This right is founded on an implied contract, which is not, by law, assignable; but it vests an equitable interest in the holder, capable of being transferred — and the plaintiffs accordingly had a decree in their, favor. It may be inferred that the Legislature of the Territory did not intend to give endorsers authority to sue remote endorsers ; if such was their intention, it would have been expressed in the law of 1817, (Geyer’s Dig. 96,) which authorises the holder of foreign bills of exchange to sustain actions against the drawers and endorsers, jointly and severally, or against either of them separately. I am of opinion that the action below was not sustainable, either by the common or statute law in force in the late Territory; and that, therefore, the judgment ought to be reversed with costs.