Justice Drake,
delivered the opinion of the court.
The above case presents two subjects for inquiry.
*lst. Whether the promissory notes, admitted in evidence, under the money counts, were lawfully admitted under those counts, or any of them, and
2d. If they were unlawfully admitted at the time they were introduced, whether the subsequent evidence was not sufficient to cure the error, and legalize the verdict.
The first question involves a subject which has been much controverted in England, and which seems even lately, to have been considered, by some good writers, as unsettled. And I am not aware that it has received any such determination iu New Jersey, as would euable us to dispense with an examination into the decisions of other courts respecting it.
The right of the payee of a promissory note to recover iu indebitatus assumpsit against the maker, has been long established. Bul. N. P. 137; 2 Ld. Rayd. 755, 2 Strange 719; 1 Bur. 373. In this last case, Lord Mansfield said, “ a party may bring indebitatus assumpsit for the debt, and give the note iu evidence; and surely it supports the declaration.” And justice Debisoaf said, “ This note is evidence of money lent.” The difficulty has arisen in extending this remedy beyond the immediate parties to the contract. Some *166 judges have argued, that although a promissory note, or bill of exchange, might be evidence that money had been advanced by the payee of the note to the maker, or by the drawer of a bill of exchange to the acceptor, yet it was not evidence of any such state of facts, between the indorsee of the note and the maker, or between the indorsee of a bill and the drawer, or acceptor. And in the cases of Pierson v. Dunlap, Cowper 571; Whitfield v. Savage, 2 Bos. and Pul. 277; Divinsdale and others v. Lanchester, 4 Esp. 201, some other evidence of immediate contract, or duty, beyond that' of the bill, or note, appears to have contributed to the recovery of the plaintiffs. But in other cases, the right of recovery has been placed on broader grounds ; and such as are fully sufficient to justify the admission of the notes introduced as evidence in this cause. In the case of Fenner v. Meares, 2 Bl. Rep. 1269, it was determined that the action for money had and received was sustainable by the assignee of a'respondentia bond against the obligor, when the latter by an indorsement made thereon engaged to pay the same to any assignee. Uab.es, justice, says, “I think *this is a particular promise to the assignee, whenever any such should be. When therefore the assignment is executed, the money is demandable by virtue of that assumpsit.” And De Gbey, Chief Justice, says, “This contract amounts to a declaration, that upon such assignment, the money which I have so borrowed shall no longer be the money of A. but of B. his substitute. The plaintiff is certainly entitled to the money in conscience, and therefore, I think, in law; for the defendant has promised to pay any person that shall be entitled to the money.”
In the case of Grant v. Vaughan, 3 Burr. 1516, which was an action by the bearer of a promissory note against the drawer, Rord Mansfield says, “ upon the second count (for money had and received) the case is quite clear, beyond all dispute.” It was certainly money received for the use of the original advancer of it; and if so, it is for the use of the *167 person who has the note, as bearer. Justices Yates and Wiliiot, fully concur. And the latter says that “ whether he can maintain this action, depends upon its being assignable, or not. The original advancer of the money is certainly entitled to bring this action. And if he transfers his property to another person, that other person may also maintain the like action. Whoever has money in the hands of another may bring such an action against him.”
In the case of Tatlock v. Harris, 3 Term Rep. 174, an indorser for a valuable consideration of a bill of exchange, was held entitled to recover on the counts for money paid, and money had and received, against the acceptor. Lord Kenyon, in delivering the unanimous opinion of the court, says, “ In making this decision, we do not mean to infringe a rule of law, which is very properly settled, that a chose in action cannot be transferred; but we consider it as an agreement between all the parties to appropriate so much property to be carried to the account of the holder of the bill. And this will satisfy the justice of the case without infringing any rule of law.” In the last case the original indebtedness of the defendant, and also the consideration paid by the plaintiff for the bill, appeared in evidence distinctly from the bare acceptance, and holding by indorsement, of the bill of exchange. But in th® case of Vere and others v. Lewis and others, 3 Term Rep. 182, the same court decided “ that the more circumstance of the defendant’s accepting, was evidence *that he had received value from the drawmrs.” And I do not understand that the Court of King’s Bench meant to affect the principle upon which the plaintiffs in the last case were suffered to recover, by what is said in the case of Johnson v. Collings, 1 East 98. There the principal point was as to the effect of a parol under-' taking to accept a bill, to be drawn in future. The court decided that the indorsee of such bill could not recover under the money counts upon such an acceptance. Lord Kenyon, indeed, calls in question the decision in the case of *168 Fenner v. Mears, because he considered the claim of the assignee of the respondentia bond as a mere chose in action,, notwithstanding the contract indorsed on the back of the bond. But he had before said that he did not mean to-infringe that rule, by the decision in Tatlock v. Harris, in relation to bills of exchange and promissory notes. And Grose, Justice, says that “ by the general rule a chose in. action is not assignable, except by the custom of merchants^ The assignment of a bill of exchange is founded on that lawr and cannot be carried farther than that will warrant it.”' “We have no authority to extend the rules which have been hitherto established.”
The case of Gibson and Johnson v. Minot and others, 1 H. Bl. 569, determined in the House of Lords, has been sometimes considered as overruling the doctrines of the-above cases. But it merely confirms that class of cases-where the presumption of money had and received, arising from the acceptance of a bill, or the making of a note-is destroyed by evidence to the contrary. That action was-brought by the indorsee for'valuable consideration against-the defendants as acceptors of a bill of exchange. The special verdict expressly found that the acceptors had not at any time any money, goods or effects whatsoever of the drawers, or the plaintiffs in their hands. The plaintiffs obtained judgment on some of the special counts; which was confirmed in the House of Lords. The question as to a recovery upon the money counts was but little noticed, either by counsel in the argument, or by the judges who-gave their written opinions, except by Lord Chief Baron Evre, who says, that “ the facts found, that the acceptors had no money in their hands, either of the drawers or of the plaintiffs, seem to.exclude these counts.” Pie adds, that- “ if there had been no such negative finding, still, the special *verdict would not have supported those counts, the finding amounting at best to nothing more than evidence of the fact of money had and received, which according to- *169 the rules which govern the application of special verdicts to the matters in issue is always deemed an insufficient finding.” There is nothing in this case inconsistent with the cases which it has been supposed to overrule, unless it may be some reasoning respecting the action for money paid.
Chitty, in his treatise on bills, p. 280, intimates that a recovery cannot be had for money had and received “ when there is no privity between the plaintiff and defendant, as between the indorsee and the acceptor of a bill, and the indorsee and maker of a note.” He cites the above case of Johnson v. Collings together with the three following, none of which support his doctrine. Barlow v. Bishop, 1 East 432, wras a case in which the indorsement was irregular, and transferred no interest in the note, and of course none in the debt or duty, to the plaintiff. The case of Houle v. Baxter, 3 East 177, turned principally upon other questions ; but it appeared that there was no consideration for the defendant’s acceptance, and of course the presumption that he had received money was overcome. And in the case of Whitewell v. Bennett, 3 Bos. and Pul. 559, it was expressly found that the defendant when he accepted the bill had no effects of the drawer in his hands, although he sai'd he expected to have. Here, the presumption arising from the acceptance was destroyed, and there was no proof to supply its place.
But in the case of Waynam v. Bend, 1 Camp. 175, which was an action by the holder of a promissory note, payable to L. T. or bearer, against the defendant, as maker, Lord Ellenborough held “ that the plaintiff could not recover under any of the money counts, as he was not an original party to the bill, and there was no evidence of any value being received by the defendant from him.”
This nisi prius case, together with that of Barlow v. Bishop (which, we have seen, is not in point), are the only authorities for another expression of Mr. Ohitty, p. 282, that “ it seems now to be settled that the *170 plaintiff can in no case recover under this count unless the money has actually been received by the party sued, and for the use of the plaintiff.” It is -not my .present *business to inquire how far this may be literally true. No doubt there should be a duty or obligation to pay money. But the principle is stated by the writer in such a connection of context and authority, that it is calculated to leave the impression that in his opinion the receipt of the money must appear otherwise than by the bill or note.
In the late case of Pownal v. Farrand, 6 Barnewall and Cresswell 439, decided in the Court of King’s Bench, in Easter term, 1827, the indorsee of a bill, having been sued by the holder, paid him part of the sum mentioned in the bill. The court held that he might recover the same from the acceptor in an action for money paid to his use.
The fair result of the English cases is perspicuously stated by Phillips, in the second volume of his treatise on evidence. With respect to bills of exchange, he says, (in page 30) that “ an acceptance is evidence of money had and received by the acceptor to the use of the holder ; it -is an appropriation of so much money to be paid to the person who should become the holder of the bill. If the endorsee therefore fail on the special count in consequence of a material variance, he may recover on this money count, without proof of a consideration passing between him and the acceptor. But (as Chief Justice Eyre said in the case of Gibson v. Minot,) when the bill is offered as evidence of the general duty to pay, it is but evidence ; and any of the presumptions which the writing affords may be contradicted by other evidence, and from the whole of the evidence the jury must draw the conclusion of fact, whether so much money was lent, or so much had and received.” — And in page 12, he says, “ a promissory note, when once endorsed and negotiated, becomes in effect a bill of exchange, and is evidence under the common counts of money had and received by the *171 maker for the use of the endorsee, or bona fide holder. The maker, in putting his name to the note, acknowledges that he has in his hands money of the payee, and undertakes to pay it to the person legally entitled to receive it.”
The case of Mandeville and Jamieson v. Riddle and others, 1 Cranch 290, between an endorsee and remote endorser of a promissory note, having arisen in the state of Virginia, is decided with reference to their statute, “which,” says Chief Justice Marshall, *“ gives the assignee an action of debt in his own name against the maker of the note, but is silent with respect to the claim of the assignee against the assignor.” He adds, “the implied promise growing out of the endorsement is not considered as having been made assignable by the act of assembly, and therefore the assignee of that promise cannot maintain an action of indebitatus assumpsit upon it.” The case was argued upon the ground that the Virginia act of assembly varied from the statute of Anne in that particular. And the Chief Justice distinctly intimates that had their statute given an action by the endorsee against remote endorsers, (as our act does) his decision of the case would have sustained the action. And similar views are expressed in the case of Raborg v. Peyton, 2 Wheaton 385, and Page's admrs. v. Bank of Columbia 7, Wheaton 35.
The case of Pierce v. Crafts, 12 John. 90, decided in the Supreme Court of Hew York, resembled the present in its important features. That intelligent court considered the case of Waynam v. Bend as opposing the current of English authorities, and sustained the plaintiff’s action. And the principles laid down in the case of Pierce v. Crafts have been since adopted and confirmed by the same court in the case of Murray v. Judah, 6 Cowen 484.
It has been sometimes regretted that courts have been so liberal in extending the remedies in assumpsit, under the money counts, and the defences under the general issue. But with respect to the former, surprise can always be avoided by demanding a bill of particulars. And setting *172 aside objections founded on the danger- of surprise, it appears to me that the reasons in support of the action for money had and received by the endorsee against the maker of a promissory note, are very conclusive.
The note acknowledges the debt or duty. — It acknowledges that the maker has the money of the payee in his hands, for it is prima facie evidence of that, and not goods and chattels. — It acknowledges the holding of it to the use of the endorsee, if it shall be assigned, for it contains a promise so to appropriate it. All this imposes a duty in conscience to pay it to the endorsee, and it appears to present a proper case for the equitable action for money had and received. But the common law frowns upon the *assignment of choses in action. This difficulty is overcome by the custom of merchants, and by the statute Rev. Laws 395; which makes the. legal duty co-extensive with the terms of the note, and expressly authorizes the recovery of it by the indorsee. The note however, as has been formerly mentioned, is but- evidence of these several particulars, and if the defendant can overcome these presumptions by contrary proofs, he will be permitted to do it. But — 1
2dly. The evidence subsequently introduced, shewing the actual advance of monies by the plaintiffs to the defendant himself, removes all objections for want of privity, and brings the present case within the range of those which confine the remedy on the money counts to the narrowest extent.
I am of opinion, therefore, on both grounds, that the rule to shew cause should be discharged.
Judgment for plaintiffs.