COOK AND OTHERS v. UNITED STATES.

After a judgment is entered upon the verdict of a jury, it is not proper to entertain a motion to set aside the verdict, without first having the judgment opened.

A motion for a new trial, based upon facts, is addressed to the sound discretion of the court; but should always be allowed, if the verdict is contrary to law, or works manifest injustice to the party applying.

In applications for new trials, this court can only review and correct the ·discretion of the district court, when exercised upon questions of law, affirmatively shown by the record. It will be presumed that the court below·acted properly, if the record does not disclose the points upon which the motion for a new trial was made.

Under the revised statute, where there is any latitude given as to the amount of the fine, or time of imprisonment, for any offence, it is the exclusive province of the jury to fix the amount of the fine, and of the judge to fix the time of imprisonment, within the ',limitations prescribed by law.

The record entry of the clerk, under the sanction of the court, is a higher species of evidence than the bill of exceptions.

ERROR to Linn District Court.

S. C. Hastings, for the plaintiffs, referred to Walters v. Junkins, 16 Serg., and R. 414; Commonwealth v. Gibson, 2 Virg., Cas., 70.

C. Bates, for the United States, contended that there is not such a substantial variation between the judgment of the court and the verdict of the jury, as to justify reversal, Simmons v. United States, Morris 490.

Opinion by KINNEY, J. This was a prosecution in the district court of Linn county, against the plaintiffs in error, upon an indictment for·a riot. The defendants pleaded not guilty. The cause was tried upon the issue joined, and the following, as appears from the transcript of the record, was the verdict of the jury, and the judgment thereon by the court.

"Now at this time, to wit, Sept. 18th, 1844, came into open court, the jurors of the jury, heretofore, on yesterday

empanneled and sworn to try the issue joined in the above en-
titled cause, and upon their oaths aforesaid, do say that they
find that the defendants, Charles C. Cook, Benjamin F. Cook,
William R. Lewis, and Wilbert L. Lewis, are guilty in man-
ner and form, as they stand charged in the indictment in this
case.  Therefore, it is considered by the court, that the said
defendants, Charles C. Cook, Benjamin F. Cook, William R.
Lewis, and Wilbert L. Lewis be imprisoned in the common jail
for the county of Linn, for the term each of one hour, and
that they pay to the United States, a fine of three dollars and
fifty cents each; and it is farther considered by the court, that
the said defendants pay the costs of this prosecution, and stand
committed in the jail of said county, until the payment be fully
complied with.''

A motion was filed by counsel for the defendants for a new
trial, after the verdict of the jury, and before judgment was
rendered thereon, which was overruled by the court.  After the
rendition of the judgment, a motion was filed by defendants to
set aside the verdict upon the ground, that it was not author-
ized by law.  This motion was also overruled by the court,
and thereto the defendants excepted, as appears by the fol-
lowing bill of exceptions.  " Be it remembered that the evi-
dence of this case having been closed, and the jury having been
charged, and retired to consider of their verdict, returned into
court the following verdict in the words and figures following,
to wit : ' We, the jury, find the defendants guilty, and assess
their fine at three dollars and fifty cents, and imprisonment one
hour.  Jesse Holman, foreman.' '' And the court thereupon
(the jury having dispersed,) ordered the verdict to be entered
in manner as set forth in the records in this case.  And the said
defendants moved the court to set aside the verdict in this case,
for the reason that it was not authorized by law, to be found by
the jury.  Said bill of exceptions also contains other mat-
ters, extraneous to the legal points arising in this case.

The case comes before this court upon a writ of error,
and the plaintiffs assign as error, 1. The court erred, in
refusing to set aside the verdict, and grant a new trial.  2.

The court erred in making the jury find the verdict entered in the records. 3. The court erred in amending the verdict without the consent of the jury, they having dispersed. 4. The court could not assess the fine and punishment. 5. The verdict of the jury was uncertain, and contrary to law, and should have been set aside.

The first question that we will dispose of is the one presented by the bill of exceptions. Did the court err in overruling the motion of the defendants below to set aside the verdict after judgment? and this is the main point raised by the bill of exceptions for the adjudication of this court. After the verdict of the jury had passed into a judgment, entered as such upon the records of the court, we are at a loss to know how the court could under such circumstances, set it aside.

The verdict having passed from the hands of the jury into the possession of the court, and the court having placed the verdict beyond its control by rendering a judgment upon it, we think the court could not, without first opening the judgment, entertain a motion to set aside the verdict. Having disposed of the only material point made by the bill of exceptions, we will examine the other questions which are presented by the assignment of errors.

Did the court err in refusing to grant a new trial? A motion for a new trial, based upon facts, is a motion addressed to the sound discretion of the court. While all the facts, upon which a conviction has been obtained, are fresh in the recollection of the court, if the court, in the exercise of its sound discretion, think that the verdict of the jury is contrary to law, or is not the legitimate result of testimony, and that manifest injustice will be done by a judgment upon the verdict; or, as in a criminal case, by inflicting the punishment to which the verdict is but the precursor, the court should always interpose, and grant a new trial.

But if the court, on a motion predicated upon facts exclusively, should refuse to grant a new trial, how can this court, adjudicating upon the legal errors of an inferior tribunal, decide that, in the exercise of its sound discretion, upon

Cook *v.* United States.

matters of fact, it thereby committed error? To give this court jurisdiction of a cause on writ of error, the basis of the error being the decision of the court upon a motion for a new trial, it must appear affirmatively upon the record, that the motion was based and decided upon some legal point contained in the motion for a new trial. If the defendants had been entitled by law to a new trial, and upon their application the court had refused it; then, upon the matter coming before the court, the error of the court below could have been corrected. In this case, it merely appears in the record, that a motion for a new trial was made, without showing upon what grounds, and, for aught we know, it may have been based upon facts, and very properly overruled by the court.

The next question, and only material one for us to decide, is, was the verdict of the jury, and the judgment thereon by the court, in accordance with the statute.

The statute under which the defendants were indicted provides, that the persons so offending shall each, on conviction thereof, be fined in any sum not exceeding two hundred dollars; and be imprisoned in the cell of the jail of the county, not exceeding twenty days. *Rev. Stat.*, 185, § 5.

This section of the statute, it will be observed, fixing the punishment attached to a conviction, has neither fixed the fine to be imposed at a certain amount, nor has it fixed the length of the imprisonment to a definite time. Latitude, as to the amount of fine and period of imprisonment, is given either to the court or jury, or both. *Rev. Stat.* 158, § 87, reads as follows : " Where any latitude is left as to the amount of the punishment for any offence, the jury who try the offender shall in all cases fix the amount of the punishment."

This statute was approved January 4, 1839. The act under which the defendants below were tried and convicted, was approved February 16, 1843. Section 76 (*a*) declares, " that in all cases, where any person shall be convicted of any offence, by this act declared criminal, and made punishable by

(*a*) *Rev. Stat.*, 188.

imprisonment in the penitentiary, or county jail, the judge shall determine, from the nature of the case, to what period of time, within the respective periods prescribed by law, such convict shall be imprisoned."

This section of the statute only confers upon the court the power of fixing the period that the convict shall be imprisoned, and does not, either by intendment or otherwise, give the court any authority to fix the amount of fine—the other branch of the punishment consequent upon a conviction for riot. Thus, section 5, (a) under which the defendants were tried and convicted, has not prescribed definitely the amount of the fine, nor the time of the imprisonment, but confined them within certain limits.

The 87th section, (Rev. Stat., 158,) gave the jury the power of fixing the entire punishment, in cases where there was any latitude.

The 76th section of the act of 1843, before referred to, required the judge to fix the period of imprisonment, clearly repealing so much of the section of the act of 1839 as required the jury to fix the entire punishment; but still leaving, as we believe, the jury to fix the amount of fine in all cases punishable with fine and imprisonment; and where there is latitude, as in this case. We think this the most reasonable construction that can be given to these various sections of the statute.

Was the statute, then, complied with by the verdict, and the judgment of the court below, in this case? As appears by the record, the jury returned a verdict against the defendants, of guilty, as charged in the indictment; whereupon the court fined the defendants three dollars and fifty cents each, and adjudged that they be imprisoned in the county jail for one hour each, &c.

The bill of exceptions shows that the jury assessed the fine and imprisonment. It purports to set out, in substance, the verdict of the jury. The record entry of the clerk must be regarded as a higher species of evidence than the bill of exceptions.

(a) Rev. Stat. 185.

Cook *v*. United States.

In the case of *Pierce* v. *Crafts*, 12 John., 90, there was a material variance between the entry of the verdict, by the clerk, and the verdict in the bill of exceptions ; and the court say, " that it is not strictly the office of a bill of exceptions to ascertain the amount of the verdict.   The clerk received and enrolled the verdict, under the direction of the court, and we must presume the record to be made up according to the official entry of the clerk, which is the best evidence in the case."

The record entry of the clerk shows that the jury found the defendants guilty only.   The verdict of the jury, as contained in the bill of exceptions, shows that the jury found them guilty, and assessed their fine at three dollars and fifty cents, and imprisonment one hour.   In the first, there is error, as the jury should have assessed the fine.   In the latter, there is also error, as the jury had no right to fix the time of imprisonment.

In the judgment, there is error, as the court, under the statute, in a case of this kind, had no right to fine the defendants.   As the verdict upon the record is erroneous, it is not necessary to pass upon the other points raised by the assignment of errors ; or to determine whether the court had a right to amend the verdict after the jury had dispersed. (*a*)  If the verdict had been amended, it should appear in legal form upon the record.

The judgment of the court below will therefore be reversed, and the cause remanded for a new trial.

Judgment reversed.

(*a*)  *The State* v. *Underwood*, 2 Ala., 744; *Sargent* v. *The State*, 11 Ohio; 62. *Cam.* v. *Watson*, Morris, 52.