### TAPLIN *vs.* PACKARD & WILLIS.

A promissory note, payable in property, may be given in evidence under the money counts, in an action of assumpsit.

The remark of the court in *Douglass* v. *Wilkeson,* (6 *Wend.* 637,) that " an instrument that is not a bill of exchange, or a negotiable promissory note, can not be given in evidence under the common money counts," is an unguarded expression, to say the least; and is not warranted by the authority cited in support of it.

But to render a note, payable in property, admissible under the common counts, it must contain a promise to pay to the plaintiff a sum certain, either in money or property. And if in property, the promise must import, upon the face of the instrument, to be for value received, or to have been made upon sufficient consideration.

An agreement to deliver property to a forwarding merchant, with directions to forward it to the plaintiff, is an agreement to deliver the property to the plaintiff; and may be counted on as such.

Taplin *v.* Packard.

ASSUMPSIT, tried at the Livingston circuit in February, 1848, before ALLEN, Justice. The declaration contained the common money counts only, to which the defendants pleaded the general issue, with notice of special matter. The action was brought to recover the amount secured by three instruments in writing, one of which was in the words and figures following :

"$212. Nunda, New-York, August 26, 1844. We jointly and severally promise to deliver to a responsible forwarding merchant at Rochester city, with directions to forward, two hundred and twelve dollars in superfine flour, well barrelled, directed to J. A. Taplin, Montpelier, Vt., to the care of Follett & Bradley, Burlington, Vt., and interest on or before the first day of September, 1845, it being for value received.     H. N. PACKARD.
                                                                A. WILLIS."

The other two instruments in writing were substantially like the above, excepting that one was for $77, payable the first day of November, and the other for $213, payable the first day of June next after their dates. Copies of the instruments were indorsed upon the copies of the declaration filed and served, with notice that the same would be given in evidence on the trial, under the money counts. Upon the trial, the execution of the three instruments by the defendants was admitted by their counsel. The plaintiff's counsel offered to read them in evidence to the jury, to which the defendants' counsel objected, on the ground that they were inadmissible under the money counts. The circuit judge sustained the objection. The plaintiff then offered to prove that the said instruments were founded upon a good consideration proceeding from the plaintiff. This was objected to by the defendants' counsel, and the objection was sustained by the court. The plaintiff, offering no other evidence, was nonsuited.

A motion was now made to set aside the nonsuit, and for a new trial.

*B. F. Harwood,* for the plaintiff.

*L. C. Peck,* for the defendants.

Taplin *v.* Packard.

*By the Court*, WELLES, J. A promissory note may be given in evidence under the money counts, in an action of assumpsit. No lawyer will, at this day, dispute this general proposition. It was at one time doubted whether it could be done unless the note was between the parties to the suit; and it was held by Lord Ellenborough in *Wayman* v. *Bend*, (1 *Campb. R.* 175,) that a promissory note not payable to the plaintiff, although strictly negotiable under the statute, was not admissible under the money counts. That, however, was a *nisi prius* decision, and has not been followed, but was expressly overruled in *Price* v. *Crafts*, (12 *John.* 90.)

It is also now ·well settled that a note payable in property may be given in evidence under the money counts. (*Smith* v. *Smith*, 2 *John.* 235. *Crandal* v. *Bradley*, 7 *Wend.* 311.) In the case of *Douglass* v. *Wilkeson*, (6 *Wend.* 637,) the court in their opinion, say on p. 646, that "an instrument that is not a bill of exchange, or a negotiable promissory note, can not be given in evidence under the common money counts." This is an unguarded expression, to say the least, and is not warranted by the authority cited in support of it. That authority is *Saxton* v. *Johnson*, (10 *John.* 418,) by examination of which, it will be perceived to be, not only not a case supporting the position, but rather the reverse. It was an action of assumpsit on a note payable in neat stock, and did not contain the words "for value received," or any other words importing a consideration. The court held that it was not admissible under the money counts, because it did not on its face contain an admission of a consideration; and the court say that if it had contained such admission, perhaps it might have been admitted. The difficulty really was, that the note in that case, in and of itself, was no evidence at all. It was a mere naked promise, without any consideration, and no action could have been maintained upon it, under any form of pleading.

In the case at bar, the objection to giving the notes in evidence under the money counts, is not that they were payable in property, or that they did not on their face sufficiently import a consideration. But the difficulty is to ascertain who is the

payee, or rather, whether they contain any payee, if that term may be used in reference to paper of this description. The promises are distinct, so far as respects the things promised to be done; but to whom are the promises made, or rather, who is the other party to the contracts? If these questions can be answered without looking beyond, or out of, the written instruments, it will settle the question whether they can be given in evidence under the money counts. If the defendants, by the notes, in substance agree to deliver the flour to the plaintiff, and have neglected to perform their agreement, he can sustain an action upon them without extrinsic proof of consideration, and in that case the money counts are sufficient. The agreement was to deliver flour to a forwarding merchant, with directions to forward it to the plaintiff. What relation would the forwarding merchant sustain to the parties after the property should be delivered to him by the defendants? And what relation would the parties sustain to the property? Upon the delivery of the flour at Rochester to a responsible forwarding merchant, with the directions specified, the defendants would have fulfilled the contracts on their part. The title of the flour would, in that case, pass from the defendants with the delivery of the flour, and no further liability would rest upon them, of any description, in reference to the contract or the flour, whatever should be done with, or become of it afterwards. And the conversion of the flour by the forwarding merchant, or its loss or injury through his negligence, would give the defendants no right of action against any one.

How would the case stand between the forwarding merchant and the plaintiff, after the former had received the flour, with directions to forward it to the latter, and what would be their relations in respect to the flour?

In *Dutton* v. *Solomonson*, (3 *B. & P.* 583,) Lord Alvanly, Ch. Justice, said it appeared to him a proposition as well settled as any in the law, "that if a tradesman order goods to be sent by a carrier, though he does not name any particular carrier, the moment the goods are delivered to the carrier, it operates as a delivery to the purchaser; the whole property immediately

vests in him; he only can bring an action for any injury done to the goods; and if any injury happen to them, it is at his risk." (*See also note* (1) *to Cooke* v. *Ludlow*, 2 *New Rep.* 125, *and authorities there cited.*)

It seems to me it can make no difference in regard to the carrier's liability to the consignee, and his title to the goods after delivery to the carrier, whether the consignee ordered the goods sent, or held an agreement that they should be sent, which would be substantially this case. If not, it seems to follow that a delivery by the defendants to the forwarding merchant at Rochester, would be a delivery to the plaintiff. By agreeing to deliver to the forwarding merchant, the defendants agreed to deliver to the plaintiff.

Thus we find a payee of the notes, or the party with whom the defendants contracted, without looking out of or beyond the written instruments in question.

I place no reliance upon the plaintiff's offer of extrinsic evidence to show that the contracts were made with the plaintiff. Whatever effect such proof might have had, or whether admissible or not, provided the plaintiff had counted specially on the contracts, with proper averments to meet such proof, I am clear that they could not be received under the common counts, unless they contained promises to pay to the plaintiff sums certain either in money or property; and if in property, the promises must import upon the face of the instruments to be for value received, or to have been made upon sufficient consideration.

I have attempted to show, and I think successfully, that the notes or obligations in question possessed these properties. And if so, it follows that the learned justice erred in deciding that they could not be read in evidence.

The nonsuit should therefore be set aside, and a new trial granted, with costs to abide the event.