PURDY *against* VERMILYA.

An endorsee of a bill of exchange in an action against the acceptor might at common law give it in evidence under the common money counts.

Where his action was brought under the "Act regulating suits on bills of exchange and promissory notes" (*Laws of* 1832, *Ch.* 276), and a copy of the acceptance *omitting the endorsement* was served with the declaration, it was a sufficient compliance with the statute to admit in evidence the acceptance with its endorsement to the plaintiff. *Per* MORSE, J.

The notice was not a bill of particulars.

The effect of the common counts and notice is equivalent to an allegation of the title of the plaintiff to an acceptance, which may be shown by the endorsement. *Per* MORSE, J.

This was an action of assumpsit brought by the plaintiff as holder of a bill of exchange, drawn by C. Snowden to his own order upon the defendant, and accepted by him for $700, payable with interest three years from August 30, 1844. It was commenced by a declaration containing the common money counts, annexed to which was a notice under Chapter 276 of the Laws of 1832, that "the following is a copy of the bill of exchange upon which this action is brought, and which will be given in evidence under the money counts contained in the within declaration, and is the cause of action on which the plaintiff relies." A copy of the bill and acceptance followed, but without any mention or copy of an endorsement. The defendant pleaded non assumpsit merely. The issue thus joined was tried at a circuit court, held in the city of New York in July, 1848, before Mr. Justice HURLBURT. On the trial the plaintiff offered in evidence the bill of exchange of which the copy was served, endorsed by C. Snowden. The defendant's counsel admitted the acceptance thereof, but objected to its being received in evidence, on the ground that evidence of the bill having been endorsed was not admissible under

the declaration and notice. The court overruled the objection and received the evidence, and a verdict was rendered for the plaintiff, upon which judgment was ob tained. A bill of exceptions was sealed, subsequently to which the cause was transferred to the superior court of the city of New York, which at a general term in July, 1850, affirmed the judgment. The defendant appealed to this court. The cause was submitted upon written arguments.

*A. S. Garr*, for appellant, insisted that the notice accompanying the declaration operated as a bill of particulars, and that its effect was to restrict the proofs to the matters set forth in it: that evidence of the endorsement of the note by Snowden, and its transfer to the plaintiff, not having been averred in the declaration nor in the notice, ought not to have been admitted: that the fact was a material one in order to give the plaintiff a title to the action, and the omission of a material averment can not be supplied by testimony at the trial; and that the case was not one where the plaintiff's title was defectively stated but where there was an omission to show any title.

*C. W. Sandford* for respondent.

MORSE, J. — The objection taken at the trial was not put upon the ground that the bill could not be given in evidence on the money counts at common law, but upon the ground that a copy of the endorsement by the payee was not served with the declaration. The objection, as appears from the bill of exceptions, was " on the ground that evidence of the bill having been endorsed was not admissible under the said declaration and notice." As the suit was evidently intended to be commenced under the " Act regulating suits on bills of exchange and promissory notes," passed April 25, 1832, and the acts amending the same, I think the objection was put upon the ground that there was not a sufficient compliance with the provisions

of the acts mentioned, because there was no copy of the payee's endorsement on the bill served with the declaration. Had the objection been put upon the ground that the bill could not be given in evidence under the money counts, irrespective of the statutory provisions above referred to, the notice would have made no difference, and was entirely immaterial. If that doctrine could be sustained in this state, the service of the notice or the omission to serve it could have had no effect whatever upon the question of the admissibility of the evidence. The objection was not that the *bill* could not be given in evidence, but that the *endorsement* could not. It could hardly have been intended to object upon the ground that the copy of the bill served was a bill of particulars under the money counts, and as such was insufficient to admit the evidence of the endorsement, as no allusion was made to the insufficiency of the notice as such bill. If it had been so intended it should have appeared. Even if it were, it being admissible evidence under the pleadings, it was within the discretion of the judge to say whether the particulars were such as to mislead the defendant as to the claim that was to be set up against him. Besides, the reasons which would sustain the sufficiency of the notice under the acts referred to, would sustain it as a bill of particulars. I shall therefore proceed to an examination of what I understood to be the only point which was raised and decided in the court below. Passing by the question, if it can be considered one in this state, (see *Pierce* v. *Crafts*, 12 *John.* 90; *Hughes* v *Wheeler*, 8 *Craw* 77; *Cruger* v. *Armstrong*, 3 *John Ca.* 5; *Grant* v. *Vaughan*, 3 *Burr.* 1516 *and* 1525; *Hays* v. *Phelps*, 1 *Sand. S. C.* 64,) whether the bill could be given in evidence under the money counts by the endorsee against the acceptor, I proceed to examine the case upon the general principles of good pleading where the declaration is framed upon the precise relation of endorsee and acceptor. In this view of the case, so far as the present question is concerned, it

Purdy *against* Vermilya.

would have been necessary to allege in the declaration 1. an endorsement in writing; and 2. a delivery of the bill by the payee to the plaintiff. The cause of action against the acceptor arises from his nonpayment of the bill at its maturity according to the legal effect of his acceptance, which involved a promise of such payment. The endorsement and delivery, accurately speaking, form no part of the cause of action, but only determine to whom the right of action has accrued, and in whom it rests at the commencement of the suit. They constitute the holder's title to the accepted bill, and show his right to maintain the action. Both endorsement and delivery are requisite to a perfect title in the endorsee as a holder. The delivery is the important fact which alone gives validity to the endorsement, and without which it would be unavailing. The delivery for a valuable consideration would convey an equitable title to the bill, even though the endorsement were omitted, while the endorsement without the delivery would be void and ineffectual for any purpose. Recurring again to the acts of the legislature above referred to, and so far as the present purpose requires, it is only necessary to observe that, by the first section of the act of April 25, 1832, the *holder* of any bill of exchange or promissory note, instead of bringing separate suits against different parties to the same bill or note, may include all or any of the said parties in one action. The third section of the act, as amended in 1837, provides, that the plaintiff, in any such action, may declare upon the money counts alone, and that the bill or note may be given in evidence under the money counts in all cases where a copy of the bill or note shall have been served with the declaration. The most favorable construction to the defendant that can be put upon this statute is, that it requires of a plaintiff, bringing his action under the statute, to give notice by the copies served with the declaration so far as such copies can give notice, of every essential fact upon which he will rely to maintain his action. Putting the notice by the copies

served, in the place of allegations in the declaration, what allegations do they supply? What allegations does the copy served in this case, under the statute supply? In the first place the service of the copy gives notice to the defendant that the plaintiff sues as holder; it is therefore sufficiently alleged that he is the holder of the bill copied. Delivery of the bill endorsed is necessary to his title as holder. Delivery would never appear by any writing upon the bill. The statute therefore must have contemplated the service of a copy of the bill with the declaration, as equivalent to an allegation of the delivery of the bill. Thus the case stands as if it were averred in due form that the bill had been delivered by the payee to the plaintiff, and that he was the holder thereof. The endorsement in writing in this view of the case is not averred, except argumentatively. Inasmuch as the plaintiff could not be the holder of the bill except by the written endorsement of the payee and his delivery thereof to the plaintiff, it is a necessary inference that the bill had been endorsed. After verdict upon the general issue, it would be too late to take advantage of such a defect in pleading. But the shorter and far more satisfactory answer to the defendant is, that the object of the statute was to allow of such a notice to defendants as would apprize them fairly of the nature and extent of the claim made upon them. It was not intended to supply a subject of curious logical sagacity, for highly disciplined and refined legal logicians — but a plain rule, which, in a sensible and familiar way, would inform an ordinary business man of the claim he had to meet. And upon the other hand the statute assumed that men who dealt in bills of exchange would be capable of understanding what was claimed of them, in an action where a copy of a bill or note to which they purported to be parties was served upon them as the cause of action against them. In this, as in more cases than is frequently supposed, the rules of law and of common sense coincide The judgment below ought to be affirmed.

The other members of the court were of the opinion that irrespective of the question arising upon the notice, the bill of exchange with its endorsement might be given in evidence under the common counts. The following resolution was thereupon passed unanimously:

*Resolved,* That the plaintiff was entitled at common law to recover upon the acceptance under the money counts.

Judgment affirmed