## ARNOLD *against* CRANE.

IN error, from the court of common pleas of *On-* A promissory
*tario* county. *Arnold* sued *Crane* in the court below, in an note may be gi-
ven in evidence
underthe money
counts. *A.* gave
his notes to *B.* for money lent to him by *B.* and afterwards executed a deed for the amount
of the debt, to *B.* who gave the deed to *A.* to get it recorded, on *A.'s* promise to have it duly
recorded : and also gave up the notes to *A.* and *A.* kept the deed without having it recorded,
and sold the land to another person, whose deed was recorded ; and *A.* refused to pay the
money to *B.* or return the deed or notes ; it was held, that *A* having got possession of the
notes by fraud, there was no payment or extinguishment of the original debt; and *B.* might
recover the money lent to *A.* on the usual money counts.

NEW-YORK,
May, 1811.

ARNOLD
v.
CRANE.

action of *assumpsit*. The declaration contained the usual counts for money lent, money paid, &c. and money had and received, &c. and an *insimul computassent*. Plea, *non assumpsit*, with notice.

At the trial of the cause, the plaintiff produced the depositions of *Peny Brainerd* and *Jacob Brainerd*, taken in the state of *Connecticut*, who testified that the plaintiff lent to the defendant, at three several times, the sum of one hundred dollars, for which he took his three several promissory notes. *Daniel Brainerd*, another witness, deposed, that in *March* or *April*, 1806, the plaintiff and defendant came to his house, and the defendant requested him to draw a deed of a lot of land in *Wallingford*, from the defendant to the plaintiff, to secure him for the money owing from the defendant. The witness accordingly drew a warranty deed, which was executed by *Crane*, and duly acknowledged and delivered to the plaintiff. The defendant then offered to get the deed recorded for the plaintiff; and the plaintiff delivered the defendant the deed for that purpose, and paid him the cost of having it recorded; and the defendant promised to get it recorded and return it. The consideration expressed in the deed was 300 dollars. The defendant afterwards said to the plaintiff, " as I have given you a deed, you ought to give up the notes," but the witness did not recollect whether the plaintiff gave the notes to the defendant or not. The plaintiff was about 70 years old, without children, and the defendant was brought up in his family, until he was of age, and was afterwards assisted by the plaintiff.

*Caleb Brainerd* also deposed that, by the request of the plaintiff he applied to the defendant to pay the money due to the plaintiff, or to send him the deed, and that the defendant said he had sold his place, and promised to bring the money to the plaintiff the next week. A similar promise was made by the defendant on a second application, in behalf of the plaintiff ; but the defendant remo-

ved into this state, without seeing the plaintiff or paying him any money.

*Hunn Munson*, clerk of *Wallingford*, testified, that the defendant never left with him the deed to the plaintiff, to be recorded, nor was any such deed recorded in his of-fice; but that a deed from the defendant to *Joshua Austin* had been recorded, which, it appeared, was for the same land mentioned in the deed to the plaintiff. The plain-tiff proved the due service of a notice on the defendant to produce the notes and deed to the plaintiff at the trial; but neither of them were produced. The plaintiff also read in evidence a letter from the defendant to *Hunn Munson*, dated *June* 7, 1809, which admitted the fact that the deed and notes were in possession of the defend-ant.

On this evidence a motion of nonsuit was made by the defendant's counsel, and the court below decided that the evidence was insufficient to support the plaintiff's decla-ration, and gave judgment of nonsuit. A bill of excep-tions was tendered by the plaintiff's counsel, on which the writ of error was brought.

*H. Bleecker*, for the plaintiff in error.

*Van Vechten*, contra.

*Per Curiam.* The testimony offered in the court be-low was competent to sustain the action, and ought to have gone to the jury under that direction. The plain-tiff may give a note in evidence under the money counts. The original loan of 300 dollars was amply proved; and the defendant got possession of the notes given for the 300 dollars, by means of a base fraud, and there was no payment or extinguishment of the original debt. The testimony of *Daniel* and *Caleb Brainerd*, and of *Hunn Munson*, and the letter of the defendant, were conclusive

proof, standing uncontradicted, that the notes were never paid, and that the deed to the plaintiff was a mere fraudulent pretence, and one that was not even carried into effect. The deed was not recorded according to the original agreement, for that would have exposed the fraud at the time. This is not an action for a fraud. The suit is for the original debt, and the only question is, whether the debt is to be considered as paid or extinguished by the transaction relative to the deed. It would be an affront to common sense and to justice, to allow any weight or effect to such a fraud. The case of *Wilson* v. *Foree* (6 *Johns. Rep.* 110.) is very much in point. The plaintiff brought an action of *assumpsit* for goods sold. The defendant set up payment, and the plaintiff offered to prove fraud in the defendant in the special contract which the defendant set up as payment, and the court of common pleas in *Dutchess* rejected the proof offered on the part of the plaintiff, and nonsuited him; and this court, on error, reversed the judgment, and held that the evidence ought to have been received; for the fraud rendered the special contract set up in discharge of the debt, null and void.

The judgment below must be reversed; and the plaintiff is at liberty to sue out a *venire* from this court, returnable at the *Ontario* circuit.

Judgment reversed.