The opinion of the Court was delivered by
Kjohaudson, J.
For the reasons of the city judge, contained in the *report, it would be sufficient to say, that the motion for a new ¡-*256 trial is dismissed by the unanimous concurrence of the Judges *- in this Court. But lest erroneous conclusions should be drawn, I will *526 notice, that there can be no question that the doctrine of inland bills applies equally to checks upon a bank. These are, in fact, inland bills. Ckitty on Bills, 18, 200, says, that as a general rule, where the drawer has effects in the hands of the drawee, at the time of drawing, a demand must be made, and notice of refusal to accept or pay, by the drawee, duly given to the drawer and endorsers. 1 Bast, 360; 2 Camp. 503.
But it seems now well settled, that notice to the drawer is not required, if there were no effects in the hands of the drawee, either at the date of the bill, or from that time till it becomes due.[1] 1 Term, 405; 2 Term, *113 ; 1 Bos. & Pul. 655 ; 1 Bay, 291; Swift, 290. And this rule clearly applies to foreign and inland bills. 12 Bast, 111. Yet it should be strictly observed, that this exception to the general rule requires that there should be a total absence of all effects at the date, and thence to the time of payment. A mere fluctuating balance in the hands of the drawee; or the drawers, owning to the drawee drawing a greater amount than the effects in his hands, and the like, are not sufficient. 2 Camp. 503 ; 12 East, 119. I apprehend that the general rule is not dispensed with, where, by misfortune or accident, the effects of the drawer failed to reach the drawee; for the exception, as introduced in Bickerdike v. Bollman, 1 Term Rep. 410, and since amply confirmed, 2 Term Rep. 113, establishes no more than that where the drawer knew at the time that he had no effects to answer the bill, notice to him is unnecessary. And as to the endorser, there can scarcely be a case in which notice to him may be dispensed with. 1 Bay, 177, Scarborough v. Harris. See, also, note in Wilks v. Jacks, Peake’s Cases, 202.
I have noticed these rules, and cited the authorities which support *2511 ^em, lest it might possibly appear, *from the particular decision J in this case, that we do not acknowledge their full force. It is of great importance that commercial nations should be uniform in the use of them, and understand each other in that regard. But in the case before us, the defendant withdrew his effects in order that his own bill might be dishonored. How then can he complain of want of demand or notice, when he himself purposely fixed the refusal; and of course by his own act had notice of the consequent dishonor of his bill, even in anticipation of the demand and refusal of payment ? It would, too, be permitting a man to take advantage of his own unjust device.
As to the question made upon the facts in the case, that has been disposed of by the verdict under a just charge to the jury, if, in the least degree, erroneous, it was in admitting that there was any warranty of the age of the horse, but that was in favor of the defendant. Upon this point, the attempt has been to make the plaintiffs liable for a supposed error in the age and description of the horse given by Laval; and that description, too, if not the age, judging from the evidence adduced, is probably correct.
The motion is refused.
Bax, ColcocK, Huqee,, Nott, and Johnson, JJ., concurred.

 1 N. & McC. 188; 1 Strob. 312.

 Ante, 251,