### ISAAC VANAUKEN vs. BENJAMIN HORNBECK.

In the case of a lost or destroyed note, it is not necessary to declare upon it specially as such. The English practice on this subject has not been adopted; and to re-

### Vanauken *v.* Hornbeck.

quire a special count upon a lost note, would be shutting the door against secondary evidence in all cases where the note was lost after declaration filed. If a deed be altered by the party to whom it belongs, even in an immaterial part, such alteration avoids the deed, and all the principles of public policy and private security, which forbid the alteration of deeds, apply with equal force to all written contracts : nay, with greater propriety to bills of exchange, and promissory notes, as the alteration of a deed or note by the owner of it, avoids the instrument, so its entire and intentional destruction by the party to whom it belongs must be attended with consequences equally fatal.

An acknowledgment of the debt, or even promise of payment, will not dispense with the production of the note, nor release the plaintiff from the necessity of accounting for its absence.

————

.This was an action of debt brought in the court for the trial of small causes. The plaintiff's state of demand will be found in the opinion of the chief justice. From the transcript of the justice, it appears, that on the trial before him, it was proved, " That more than four years since, the plaintiff produced to the defendant, at the defendant's house, in the presence of the witness, an old note of hand, much worn, and requested defendant to give him a new note for the same ; defendant agreed to do so, and after ascertaining what was due on the old note, the defendant drew a new note for the amount with a pencil, and the plaintiff refused to receive it. A quarrel ensued, and nothing more was done. The witness further stated, that he had frequently heard the defendant say, that he owed the plaintiff one hundred dollars for money borrowed from him. Another witness on the part of the plaintiff, testified, that he heard the plaintiff in anger say, that he would burn up the note, and that the plaintiff threw a paper in the fire."

A witness on the part of the defendant, testified, " That about a year before the trial, he heard the defendant claim from the plaintiff a sum of money which the defendant said that the plaintiff owed him. The plaintiff said, that he had money, but that he would not pay the defendant's demand." The justice gave judgment in favor of the plaintiff, for ninety-six dollars and forty-eight cents, with costs, in the absence of the defendant, who removed the judgment and proceedings into this court by certiorari.

Vanauken *v.* Hornbeck.

*J. S. Green,* for plaintiff in certiorari, moved to reverse the judgment.

1. The state of demand is defective. The suit is brought on a promissory note, and yet the date or time of payment, or how payable, is not set out. The rule of pleading on this point cannot be relaxed, because the note is lost or destroyed.

2. The loss or destruction of the note was not sufficiently proved to justify the admission of secondary evidence. What is the proof? The witness says, he heard the plaintiff declare in anger, that he would burn up the note, and he saw him throw *a paper* in the fire.

This is not legal and satisfactory evidence. 1. It is the plaintiff's own declaration. 2. It does not prove the destruction of the note, but of a paper. 3. If competent, it proves the destruction of the note by the plaintiff himself. Can a party, who destroys the evidence of his claim in this way, recover? The law as to the alteration of a deed by the party to whom it belongs, is well settled, and familiar to the court. The same principle applies with greater force to the destruction of the instrument. 4. The plaintiff had no right to abandon his ground of action arising from the note, and seek to sustain his claim on the original contract. 2 *Starkie on Evid.* 226. Nor can the recovery of the plaintiff be justified on account of the admissions of the defendant. If the defendant had made an express promise to pay the contents of the note, it would not be sufficient without some new consideration. 4 *Taunt.* 602.

*Ryerson,* contra.

The opinion of the court was delivered by

Hornblower, C. J. The state of demand filed in the court below, so far as it is material to the case, was as follows: " The plaintiff demands of the defendant, ninety-six dollars for so much money by the plaintiff heretofore, to wit, on the 19th of December, 1826, lent and advanced to the defendant, at his request, *for which* the defendant gave the plaintiff the promissory note of the defendant, payable at a certain day now past, which note, since the making thereof, has been worn out and destroyed."

After a trial, the justice, in the absence of the defendant, ren-

dered judgment for the plaintiff below, for ninety-six dollars forty-eight cents, with costs. Although the state of demand is for money lent, yet it is for money which was due and payable on a promissory note. It is substantially, therefore, an action brought to recover the money due to the plaintiff upon a promissory note given to him by the defendant, which had been "worn out and destroyed." It was therefore necessary for the plaintiff on the trial, to prove the destruction of the note. *Sebree* v. *Dorr,* 9 *Wheat.* 558 ; *Renner* v. *Bank of Columbia,* 9 *Wheat.* 581; *Smith* v. *Lockwood,* 10 *Johns. Rep.* 366.

If it was necessary, in the case of a lost or destroyed note, to declare upon it specially as such, I should incline to think, the state of demand in this case, is insufficient, and as neither the date or time of payment is set out, nor whether payable to order or with or without interest. But for the reason given by the Supreme Court of the United States, in *Renner* v. *The Bank of Columbia,* 9 *Wheat.* 581, 597 and 598, I am of opinion, such special count is not necessary.

But if the state of demand had been for money lent, or had only set out the original consideration, without any reference to the note, and it had come out on the trial, that a note had been given for the debt, it would have been equally incumbent on the plaintiff, to have accounted for the non-production of the note, or if in his power or possession, to have produced and cancelled it at the trial. *Holmes et al* v. *D'Camp,* 1 *Johns. Rep.* 34 ; *Crane* v. *Arnold,* 8 *Johns.* 79; *Smith* v. *Lockwood,* 10 *Johns. Rep.* 366 ; *Keaslake* v. *Morgan,* 5 *T. R.* 513.

It was not necessary in this case, for the defendant to give in evidence, the fact of a note having been given for the debt. The state of demand, if not founded on the note, admitted that one had been given, and alleged its destruction ; but the plaintiff gave no legal or competent evidence of such destruction. He called one witness whose testimony the justice has recorded in these words : "He heard the plaintiff in anger say, that he would burn *the note,* and that plaintiff threw *a paper* in the fire ; and further saith not." This evidence if legal, was not sufficient to prove the destruction of *the* note in question. It would not have justified a jury in finding that fact. *Angel* v. *Felton,* 8 *Johns. Rep.* 149 But if it proved any thing, it proved that the

plaintiff had designedly and wantonly committed spoliation of his own security; and that he did so, cannot now be denied, since he not only asserted the fact, but attempted to prove it on the trial.     His own admission must be taken against him; and hence the question arises, whether the plaintiff by destroying his note, has not lost his debt? In *Renner* v. *Bank of Columbia*, 9 *Wheat.* 596, the court say, " If the original is *lost* by *accident* and no *fault* is imputable to the party," it is sufficient to let in secondary evidence; and in *Angel* v. *Felton*, above cited, the court say, in reference to some reports of the destruction of the note, that " they were not sufficient evidence of that fact, so as to warrant parol evidence of its contents ; and if any inference was to be drawn from them, it was, that the note had been voluntarily discharged " (evidently a misprint, for destroyed) " by the plaintiff."

It is a clear principle of law, that if a deed be altered by the party to whom it belongs, even in an immaterial part, such alteration avoids the deed.   *Pigot's case,* 11 *Co.* 27 ; *Den* v. *Wright*, 2 *Halst. Rep.* 175 ; and in *Master* v. *Miller*, 4 *T. R.* 321, affirmed in the Exchequer Chamber, 2 *H. Bl. Rep.* 141, and 1 *Anstruth Rep.* 225, it was settled upon great deliberation, that all the principles of public policy and private security, which forbid the alteration of deeds, apply with equal force to all written contracts, nay with greater propriety to bills of exchange and promissory notes.

If then the alteration of a deed or note, by the owner of it, avoids the instrument, surely its entire and intentional destruction, by the party to whom it belongs, must be attended with consequences equally fatal.   To permit a party, intentionally to destroy his bond, note, or other security, and then come into court, in any form of action, and recover the debt or demand, of which the destroyed instrument, was the best and proper evidence, would open a door to frauds without number—there may be memorandums, indorsements, attesting witnesses, or matters apparent on the face of the instrument, very important to the rights of the other party ; and to get rid of which, may be the motive for carelessness or destruction.

In the case under consideration, the note was either in existence, or it was not ; there is no pretence of its loss.   If in ex-

Munn *v.* Harrison.

istence, in however worn or tattered a condition, it ought to have been produced. If not in existence, it had been destroyed by the plaintiff himself, and with it, he had burnt up his right of action.

There was some evidence on the trial, of the defendant's acknowledgment of the debt. But such acknowledgment, or even promises of payment, would not dispense with the production of the note, nor release the plaintiff from the necessity of accounting for its absence. Such promises would be *nudum practum* —the promise contained in the note itself, was *the promise* made in consideration of the money lent ; and any new or further promises would be void, unless made upon some new consideration. *Davis* v. *Dodd,* 4 *Taunt.* 602.

If a new promise had been made under a full knowledge of the *wilful* destruction of the note by the plaintiff, it might possibly be sustained, in consideration of the moral obligation the defendant was under to repay the money borrowed. Yet, I am not certain, that the *wilful* destruction of the note, especially if done for a fraudulent purpose, would not cancel even that moral obligation. But on this point, I give no opinion ; such a case is not now before the court. The judgment must be reversed.

FORD, J. concurred.

Judgment reversed.

CITED in *Clark* v. *Hornbeck,* 2 *C. E. Gr.* 451.