## Case No. 10,079.

### NEEDERER v. BARBER.

[2 Betts, C. C. MS. 38.]

Circuit Court, S. D. New York. May 25, 1843.

BILLS AND NOTES — FOREIGN EXCHANGE — SUFFICIENCY OF PROTEST — NOTICE — ACCEPTANCE — STRIKING OUT SUBSEQUENT INDORSEMENTS.

[1. The protest of a foreign bill is sufficient if made in conformity to the law of the place where the dishonor occurred.]

[2. Where the drawer of a bill, after it is drawn, gives the drawee notice not to pay it, presentation for acceptance and payment is waived.]

[3. A payee or indorsee of a bill in possession has a right to strike out subsequent indorsements. and recover against the drawee upon the special count, or give such bill in evidence under the money counts.]

[This was an action by John Neederer against Andrew Barber on a foreign bill of exchange.]

BETTS, District Judge. The declaration is on a foreign bill of exchange, by the payee against the drawer. A verdict was taken for the plaintiff subject to the opinion of the court. on the questions of law arising upon the facts in evidence. The defendant, after the bill was drawn, gave orders to the drawees not to pay it, and it was protested for non-acceptance at Metz in France, by a huissier, in the presence of two witnesses. Two points were taken upon the sufficiency of the protest: (1) That it must be made by a notary public; (2) that to render the protest by a huissier sufficient the laws of France must be proved authorizing that officer to make the protest. The protest of foreign bills is sufficiently proved if made in conformity to the law of the place where the dishonor of the bill occurs. All the writers of authority on the subject concur in this general doctrine (Chit. Bills, Ed. 1833. pp. 362–490; Story, Bills, § 276. note 2), and by the laws of France the officer employed in this case was competent to make the protest (Code of Commerce, Art. 173). if the court can regard that law, without its being proved as a fact before them (3 Wend. 173). The court does not intend to intimate any opinion that the French law may not be received in evidence in commercial questions, as the English is by the books supplying that proof in their own courts. The question of the sufficiency of the protest does not become material in this case, because the drawer by his own act excused the payee from the necessity of pre-

senting for acceptance or payment. The law is clear that if the drawer has no funds in the hands of the drawee, the holder need not present the bill, and accordingly in such case a protest is unnecessary (1 D. S. E. 406–410; 2 D. S. E. 713; Chitty, Bills, 207; 2 Bearkl. 20; Read v. Wilkinson [Case No. 11,611]; Baker v. Gallagher [Id. 768]; Valk v. Simmons [Id. 16,815]; [Skellern v. May] 4 Cranch [8 U. S.] 141; 20 Johns. 146; 8 Pick. 83; 16 Mass. 116), unless the drawer had reasonable grounds to suppose the bill would be honored. A check on a bank, when the drawer has withdrawn his funds, need not be presented to found an action against him by the holder. 2 Nott & McC. 251; 1 Hill, R. 56; Story, Bills, § 75; Bailey, 192, 193. The want of funds may be shown by direct evidence or may be implied from the declarations or admissions of the party drawing the bill upon the ground of its being a waiver in law, or exonerating the holder from the necessity of presentment and notice. Smith, Merc. Law, 163; Bagley, Bills, 120; 2 Phil. Ev. 34, 37, 39. The fraud that is imputed to a party who draws a bill without funds to cover it becomes direct and positive when he interposes and forbids the drawee to honor it. A presentment to a correspondent under directions not to accept would be idle, and certainly required upon no higher considerations than a presentment, when the holder knew the drawer had no funds with which to discharge the bill. The principle clearly applies, and we are satisfied the verdict ought not to be disturbed for this cause.

A technical question has been raised as to the effect and operation of the full indorsements written on the bill, and it has been strenuously argued that the holder must make his title under such special indorsement in order to maintain his action. The rule applies to those only who must make title to the bill by means of the indorsements, and then, unless the first indorsement be blank, a holder cannot sustain an action without connecting himself with a special indorser. The cases establishing and explaining that rule are stated by Chitty, Kent, and Story. Chitty, Bills. 170; 3 Kent, Comm. 89; Story, Bills, § 201. The holder is always permitted to disembarrass himself of all indorsements subsequent to that conveying the title to him, whether general or special, by striking them off the bill (Story, § 107), and of all anterior ones though several intermediate him and a general indorsement (Ib.; 2 Starkie, Ev. 246; Bailey, 213). This he is prevented doing as to antecedent indorsements only because they are indispensable to communicate title to him. Bailey, 313–315; 4 Starkie, Ev. 246, 248. When the payee is holder, there is no reason why any after-indorsement should not be regarded as in blank in respect to him, for he does not recur to them for his title. He appears on the face of the bill a party in interest, and his possession of the bill gives him the same right in respect to all parties succeeding him that the first or second indorser would have in regard to those posterior to their indorsers. Story, Bills, §§ 207, 208. The subsequent indorsements may be regarded as made by him for the purpose of collection, or. his own agents, no proof of interest in any indorser being needed. We therefore hold that the person in possession of the bill had a right to strike out subsequent indorsements, [Morris v. Foreman] 1 Dall. [1 U. S.] 193), and recover against the drawer upon the special count, or it may be given in evidence against him on the money counts (8 Johns. 79; 3 Johns. Cas. 5; 12 Mass. 172; 12 Johns. 90; 4 Pick. 421; 5 Wend. 491; 2 Phil. Ev. 38, 39). Order judgment on the verdict.