Boynton, C. J.
The court of common pleas gave entirely too much importance to the facts which were held sufficient to exonerate the defendant from liability on the note that he executed as surety for Mitten. The fact that the new note was a forgery left the liability of the defendant on the original note, to the extent that the new note was received in payment, entirely unaffected, unless there were circumstances attending the taking of the note, that relieved him from such liability. No principle is better settled or rests upon more solid reason, than that a forged note delivered in payment does not operate as ^ satisfaction or extinguishment of an antecedent debt or demand. Goodrick v. Tracy, 43 Vt. 314; Ritter v. Singmaster, 73 Pa. St. 400 ; Eagle Bank of New Haven v. Smith, 5 Conn. 71; Markle v. Hatfield, 2 Johns. 455 ; Cook v. Barnes, 3 N. Y. 520; Scholefield v. Templer, 4 De Gex & J. 429 ; Stedman v. Gooch, 1 Esp. 3 ; 2 Par. on Notes and Bills, 205 ; 2 Daniel on Neg. Inst. § 1274. The circumstances which the court held sufficient to relieve the defendant from the obligation to pay the amount remaining due on the original note, the new note being a forgery, were, that he took the plaintiff to Mitten’s residence in order to have the note paid, or in some way arranged so that'he should-be relieved from liability thereon, took no part in obtaining the forged note, and had no knowledge whether the name of the sureties thereon were genuine or not, received his own note as canceled, and thenceforward acted on the faith that he was no longer liable thereon. The fact that he took the. plaintiff to the residence of the principal maker in order to have the note paid, or some arrangement made by which he was to be relieved from further liability for the debt, is of no importance whatever, unless the arrangement made, or the new relation created, was a valid substitute for the original debt. Nor is it of the slightest importance that the defendant took no part in obtaining the new note. It is sufficient *497 to preserve his liability, that the new note was void. It is not pretended that the plaintiff agreed to take the genuine note of Mitten, with the forged signatures of Eleck and Yogle as sureties, in payment of the note of Mitten and the defendant. ITe supposed and had the right to suppose that their signatures were genuine. There was an implied representation that the note was genuine in its delivery. In Goodrick v. Tracy, supra, the principal maker of the note sued on gave a new note with a forged signature of a surety thereon, and the names of the principal maker aud surety on the original note were torn therefrom. The surety in that case had no part in obtaining the new note, yet in the disposition of the case that fact was not even noticed. The new note being void, his liability on the original note was held to be in nowise affected.
Nor does the circumstance that the note in the present case was delivered up as canceled affect the defendant’s liability thereon. This was done in the belief, which the facts fully justified, that the new note was genuine. That it was not genuine was not the fault of the plaintiff. As was said by Lord Kenyon, in Puckford v. Maxwell (6 Term, 52), •“ In cases of this kind, if the bill which is given in payment does not turn out to be productive, it is not what it purports to be and which the party receiving it expects it to be, and therefore he may treat it as a nullity and act as if no such bill' had been given at all.” Payment by a forged note or check is not different in its effect upon the liability of the debtor, than payment in counterfeit money. The pretended payment in either case is void, and leaves the original liability subsisting, although the written evidence of it may have been destroyed. Hughes v. Wheeler, 8 Cow. 77; Arnold, v. Crane, 8 Johns. 79 ; Pierce v. Crafts, 12 Johns. 90; Young v. Adams, 6 Mass. 182; Gerwig v. Sitterly, 56 N. Y. 214; Alcott v. Rathbone, 5 Wend. 490.
The remaining circumstance to which the court seems to have attached some importance, is, that the defendant may have acted on the faith that he was no longer liable on the note. It is, no doubt, a well-settled rule of law, that where the holder of the note assures the surety that he will look to the principal maker lor payment, knowing the surety is about *498 to obtain indemnity against his liability, and who is thereby induced to relax or forego all efforts to obtain indemnity, which he otherwise would have obtained, the holder of the note would be estopped from insisting that the surety continued bound upon the note. This is the result of the cases cited in argument by counsel for the defendant, and they rest wholly upon the doctrine of estoppel.
It is clear to us, that the present case does not fall within the principle of these cases. The mere fact that the defendant, supposed the note signed by him had been paid by the new note, and that he acted on the belief that he was discharged, does not relieve him from liability. It was evidently the understanding of both parties that the new note was genuine, and operated as payment of the first one. But this understanding was founded on a mistake of facts, for which mistake the plaintiff was no more responsible than the defendant.
It was no more the duty of the plaintiff to ascertain that the signatures of Fleck and Yogle were genuine, than of the defendant. Being a maker of the original note, and equally as liable thereon as Mitten, it was his duty to see ■that it was paid. Nothing short of payment, or a release by a ■valid contract, or by circumstances creating an estoppel, would cancel his obligation to pay, or discharge him from liability. The facts which, if found, the jury were told entitled the defendant to a verdict, considered either separately or as a whole, were entirely insufficient to defeat the plaintiff’s right •to recover, on his establishing the fact that the note received an payment was a forgery.
Judgment reversed, cmd cause rema/nded.