Sutherland, J.
As to the demurrer. The second and third pleas are taken from a precedent by Mr. Chitty; (2 Chit. PI. 435;) and so far as that precedent goes, have the sanction of his authority. In the 1st Yol. of that work, 472, he lays down the principle, of which there is no question, that payment, accord and satisfaction, “ a promissory note or other negotiable security given for the debt, and remaining in the hands of a third person, or otherwise outstanding,” may be given in evidence under the plea of non assumpsit; and in pages 474, 475, he says the defendant is at liberty to plead specially any matter which does not amount to the general issue. So all matters in discharge of the action may be pleaded specially; and he enumerates as falling under that description, accord and satisfaction, release, arbitrament, former recovery, and that a “ negotiable or higher security was given for the debt.” But he remarks that they are seldom pleaded' specially, unless for *79 the purpose of delay. The only authorities referred to by Chitty, in support of his precedent, or of the elementary position bearing upon it, are Bull. N. P. 182, and Kearslake v. Morgan, (5 T. R. 513.) There is nothing in my edition of Buller, (New York ed. of 1806,) which has any relation to this question. In Kearslake v. Morgan, the note which was pleaded as having been given to, and accepted by the plaintiff for, and on account of the original debt, was not the note of the defendant himself, but of a -third person, made payable to him, and by him indorsed to the plaintiff. The plea was demurred to as in this case; but it was held good by the court, without assigning their reasons at large.
In Holmes & Drake v. De Camp, (1 John. 34,) the principle was distinctly asserted by this court, that where a negotiable note has been given for a prior debt, the plaintiff cannot recover on the original consideration, unless he shows the note to have been lost, or produces and cancels it at the trial. There the giving of the note was proved under the general issue, and specially pleaded. Angel v. Felton, (8 John. 149,) recognizes the same doctrine. In Pintard v. Tackington, (10 John. 105,) the court say, the better opinion seems to be, that the acceptance of negotiable paper on account of a prior debt, is prima fade evidence of satisfaction, and that you cannot recover on the old debt without some explanation, or giving some account of the note; and they refer to the cases already cited as establishing that doctrine.
. In Burdick v. Green, (15 John. 247,) the declaration contained several counts. To the common money counts and the indebitatus assumpsit and quantum valebant counts for goods sold, &e., the defendant pleaded, that after the making of the several promises in those counts mentioned, the defendant made his promissory note for the same identical promises, and delivered it to the plaintiff, which note the plaintiff received in full satisfaction of the promises, and that the plaintiff afterwards indorsed and delivered it to one Joel Ketchum for value received. To this plea the plaintiff replied, that Ketchum, before the commencement *80 of this suit, by his instrument in writing, tinder his hand and seal, assigned the note' with all his right, and title,, to the plaintiff, averring that the note had not been paid. The defendant demurred specially to this replication. And Spencer, J., who delivered the opinion of the court, admits that the1 replication was bad, so far as the object of it was to show the legal title" to1 the note1 in the plaintiff by virtue of the assignment from Ketchum. For, he says, there can be no doubt that the legal title in the *note is in Ketchum, having been regularly transferred to him by indorsement for value received. The transfer was then complete, and nothing but the cancelling of the indorsement, or Ketch-urn’s indorsing it again, would divest him of the legal title. He then proceeds to the consideration of the plea; and states what he considered the court as having decided in Holmes & Drake v. De Camp. He says, it was there held, that though, technically speaking, a negotiable note does not extinguish an antecedent debt, which formed its consideration, it was an extinguishment sub modo; and he understands that case as deciding, that when it appeared that a negotiable note had been given for a prior debt, the court would not suffer the plaintiff to recover on the original consideration, unless he showed the note to have been lost, Or produced and cancelled it. at the trial. The plea in this case, therefore, (he continues,) is defective, as a bar to an action on the original consideration; for1 we have seen that the mere giving of a negotiable note, or its indorsement to a third person, does not extinguish the original cause of action, provided the payee in the note can show it to' be lost, or can produce it to be cancelled; and non constat that it cannot be done in this case.
This opinion certainly goes the length of deciding that a plea of this description must show affirmatively that the note has passed beyond the control of the1 plaintiff, and is so circumstanced that it cannot be produced by him upon the trial, for the purpose of being cancelled; or it will not be held good. It substantially decides that this defence1 is not available by plea;- but must be matter1 of evidence under the general issue,, upon the1 trialand if the plaintiff *81 then produces the note and cancels it, he may recover upon the original consideration for which it was given.
The next question is, whether the plaintiff was entitled to recover, under the common counts, the amount of the original note, for which the note declared on (and which was proved to be usurious) was given. The objection made to the recovery is, that the note itself, having been destroyed *by the parties, does not exist, and cannot be used as evidence of money had and received by the defendant; and the evidence showing that it was given for the debt of a third person, there was no cause of action against the defendant, prior to, and independent of the giving of the note. The destruction of the note is a matter of no importance. The note on which the suit was brought having been proved to be usurious, the plaintiff resorted, as he had a right to do, to the consideration of that note so far as it was not affected by the usury. What was that consideration ? It was the old note whioh was not attempted to be impeached; out which, on the contrary, was shown to have been given for a legal consideration; and a premium of 5. dollars for forbearance. That a promissory note is evidence of money had and received by the maker from the payee, and may he used as such upon the money counts, is admitted. It is then, in principle, the common case of an action for money had and received, &o., supported by proof of a promissory note, which is shown to have been destroyed by accident or misapprehension, or in any other manner, which does not amount to a legal satisfaction or discharge of it.
Suppose the case of a note thrown into the fire by mistake: the payee declares upon it, stating the special circumstances of the case; but on the trial, his proof establishes the giving of a note of a different date, or for a different sum; and which, therefore, does not support the special count; can there be a doubt that he could recover the amount of the note thus proved, under the common counts, without resorting to the original consideration of that note ? In such a case it is not the, note itself which constitutes the evidence; but proof that a note was given,, and accounting for its non-production.
*82 I do not perceive that the case is varied by the circum stance that the parties actually intended to destroy the paper containing the original promise: and that their mistake consisted in the supposition that another valid security was substituted for it. Suppose it were necessary to the validity of a note, that it should be written on stamped *paper; and that for such a note, a new one was substituted, without a stamp, and the old one was destroyed at. the same time: in an action upon the note, the plaintiff would of course fail. But would he not be permitted to recover the amount of the original note under the common counts. He would have proved the consideration of the new note ; and upon that, as it appears to me, must be entitled to recover.
The decision of the court below upon this point was, therefore, correct.
The next objection made to the recovery of the plaintiff below on the common counts, was, that the old note was not given for a pecuniary consideration; and, in addition to the evidence already given upon that point, the defendant below offered to show that the note was given for the debt of a third person, which debt was not for money, but for land sold by the plaintiff below to him. The evidence was excluded, and the objection overruled.
In this I am inclined to think the court erred. A negotiable promissory note is, prima fade, evidence of money had and received by the maker for the use of the payee, (Chit. on Bills, 470,) and, in this state, of any other bona fide holder of the note. (12 John. 90.) In England, it is doubtful whether the right of using a bill or note under the common counts, is not confined to the original parties. (Waynam v. Bend, 1 Campb. 175.) But neither in England, ñor in this state, has it ever been held that a note was conclusive evidence of the receipt of the plaintiff’s money, by the maker, or of an account stated between them; but I think a contrary rule is deducible from the English authorities. (1 H. Bl. 239; 3 B. & P. 559; 1 East, 432; 1 H. Bl. 602, per Eyre, Ch. B.; Chit. on Bills, 469, Phil. ed, *83 1821; 3 Barr. 1516; 4 Esp. Rep. 174; 8 Taunt. 737; 1 Campb. 175; 3 Campb. 101.)
On this ground, alone, I think the judgment should be reversed.
*Savage, Ch. J., and Wo.odworth, J., concurred, except as to the effect of the original note as evidence under the common counts. They thought it conclusive, and that the judgment should be affirmed.
Judgment affirmed