## Rangler *against* Morton.

In an action upon a covenant to account and pay "at any time, when lawfully required," the defendant cannot avail himself, upon the plea of covenants performed, of the defence that he had not been lawfully required to account and pay before suit brought.

WRIT of error to the common pleas of *Union* county.

This was an action of covenant by Thomas M'Guire, administrator of William Morton against Daniel Rangler, in which the plaintiff's cause of action was thus set forth.

"Daniel Rangler, late of the county of Union aforesaid, yeoman, was summoned to answer Thomas M'Guire, Jun., administrator of all and singular the goods and chattels, rights and credits, which were of William Morton, late of said county deceased, of a plea, that he hold to him the covenants made between the said William in his lifetime, and the said Daniel, according to the force, form and effect of certain articles of agreement between them made, &c. ; whereupon, the said Thomas, by James Merrill, his attorney, saith, that whereas by certain articles of agreement made at the county of Union aforesaid the 22d day of February, A. D. 1817, between the aforesaid William, by the name of William Morton of the one part, and the said Daniel, by the name of Daniel Rangler of the other part, (which said first part with the seal of the aforesaid Daniel sealed, the said Thomas into court here brings, the date whereof is the same day and year, and also brings here into court his letters of administration to him granted by the register of Union county, in due form of law) it was concluded and agreed by and between the said parties, in manner following, to wit, that for and in consideration, as well of a certain debt of 106 dollars, then owing and payable to the said Daniel by the said William, as of the sum of 1 dollar then paid by the said Daniel to the said William, and also with a view to such future advances as the said Daniel might deem necessary and convenient, the said William did grant, bargain, sell, assign and transfer to the said Daniel Rangler the whole share, interest, estate and inheritance of the said William Morton in the real estate of Sephath Morton deceased, consisting principally in a tract of land in Buffaloe, valued by an inquest about the year 1814, adjoining lands of Benjamin Shock and others, and the said William thereby invested with full power the said Daniel to do all acts which might be legal and necessary to obtain, prosecute and recover all shares and distributary parts and interests aforesaid, recoverable by the said William, then or thereafter, or by the said Daniel, as alienee of the said William. In consideration whereof, the said

IV.—2 I

[Rangler v. Morton.]

Daniel by the same articles of agreement, did covenant and agree, that he would fairly and fully account for and pay over to the said William, his executors or administrators, at any time, when lawfully required, the balance which may be in the said Daniel's hands, first deducting the amount then lawfully and reasonably due and payable to him by the said William, which might be lawfully retained or withheld by the said Daniel, which by the same articles of agreement, among other things, more fully appears. And the said Thomas in fact saith, that the said Daniel hath not fairly and fully accounted for and paid over to the said William in his lifetime, nor to the said Thomas, his administrator, since the death of the said William, when lawfully required, the balance which was and is in the said Daniel's hands, beyond the amount then lawfully and reasonably due and payable to the said Daniel by the said William, which he ought to have done when thereto lawfully required, according to the form and effect of the said articles of agreement, and so the said Thomas saith that the aforesaid Daniel (although often required) his covenant aforesaid hath not kept, but hath broken, and hath hitherto refused and still doth refuse to keep the same ; to the damage of the said Thomas's administrator as aforesaid 500 dollars, and thereof he brings suit, &c."

Issue was joined, and the cause was tried, upon the plea of covenants performed. The defendant contended that the plaintiff could not recover, because the defendant, in the language of the covenant, had not been lawfully required to account and pay before suit brought. But the court below (Lewis, president) was of a different opinion, and instructed the jury that the defendant could not avail himself of that defence upon the pleadings, and a verdict was rendered for the plaintiff.

*Bellas,* for plaintiff in error, cited, 1 *Chit. Pl.* 324; 1 *Saund.* 33, n. 2 ; *Archb. Prac.* 167 ; Dodge v. Coddington, 3 *Johns. Rep.* 146.

*Linn* and *Merrill,* for defendant in error, cited, Dawson v. Ewing, 16 *Serg. & Rawle* 371.

Per Curiam.—Had the plaintiff expressly averred that the defendant had received money from the estate transferred to him, the assignment of the breach in not accounting and paying over, would have been insufficient without an averment of request or special demand, because the receipt would have raised a duty to account and pay independent of it, as in the case of a bond or note payable on demand, in respect to which a special demand is unnecessary. But though the want of an allegation of request was originally a defect, yet being for the benefit of the defendant, it might be waived by him ; and it was in fact waived by his plea of covenants performed. The defendant's interpretation of his plea is, that it is an assertion of performance just so far as he was bound to perform, without demand

[Rangler v. Morton.]

made : in other words, that it was no performance at all.  But it is an assertion of actual performance, and whether on demand or without it, is immaterial, as he put his defence exclusively on that point. The other assignment is entirely destitute of substance.

Judgment affirmed.