## Case No. 34.

### The ACTIVE.

[Olcott, 286.][1]

District Court, S. D. New York. March. 1846.

MARITIME LIENS—SUPPLES—WAIVER—PROMISSORY NOTE.

1. The mere giving of a promissory note by the debtor for supplies furnished a ship, is no

[1][Reported by Edward R. Olcott, Esq.].

satisfaction of the debt, nor is accepting it a waiver of the lien the creditor may have had therefor.

[Cited in The Bird of Paradise v. Heyneman, 5 Wall. (72 U. S.) 561; The Eclipse, Case No. 4,268; The Napoleon, Id. 10,011. Questioned in Harris v. The Kensington, Id. 6,122.]

[See Sutton v. The Albatross, Case No. 13,645; Moore v. Newbury, Id. 9,772.]

2. Nor will the principle be varied, although the credit was given to the agent, or his note taken for the debt, unless it be proved that the principal had settled with the agent, and his rights would thereby be prejudiced.

[Cited in The Napoleon, Case No. 10,011.]

3. A ship built in the United States for alien residents abroad, becomes their property without any documentary title. It passes like any other chattel.

4. The right of lien for supplies against a foreign vessel rests on the maritime law, and is not affected by local legislation.

5. The departure of such vessel from the state before her arrest does not bar the lien or remedy upon it in admiralty.

[See note at end of case.]

[In admiralty. Libel to recover for supplies furnished. Decree for libelant.]

A. Nash, for libellant.
H. Nicoll, for claimants.

BETTS, District Judge. This was a suit in rem to recover the sum of $156.98, for supplies furnished the schooner before her departure from this port. She was built in this city, in the year 1845, for and on account of the claimants, who are aliens, resident in South America. She was never documented as an American bottom, and was cleared and went to sea as the property of the claimants. Owing to some disaster, she shortly after returned to this port and was arrested by the libellant on this demand. The libellant, a provision dealer, sold to Rodriguez, the agent of the vessel, and for her use, provisions for her contemplated voyage, and had them stowed on board. He accepted the promissory note of Rodriguez for the amount, $156.98, and gave a receipt for the note as payment of his bill for beef and pork supplied the Active. The proctor of the libellant produced the note in court, and offered it to the proctor of the claimants to be cancelled, and has left it in court for that purpose. Rodriguez had dealt on his own account with the libellant previously, and was in good credit; but immediately after giving this note, he absconded, and was found to be insolvent.

The mere giving of a promissory note by the debtor for an existing debt is no satisfaction of the debt. [Hughes v. Wheeler,] 8 Cow. 77; The Chusan, [Case No. 2,717;] Story, Prom. Notes, §§ 104, 404. Nor is it more so if given by an agent, unless the principal proves he subsequently settled with his agent, and was damaged by allowing

the amount of the note as cash paid by him. Story, Ag. § 434. No such evidence is given in this case. Upon these principles it is clear the debt remains valid and subsisting against the principals, notwithstanding the absolute credit given their agent, in this instance, also the ship's husband.

Nor do I conceive that taking a promissory note was a waiver of the lien the libellant originally had on the vessel for those supplies as against the claimants, whatever might be the effect of that act in respect to third parties bona fide acquiring rights or interests in the vessel. Whilst the note remained in circulation, or outstanding, it operated as a suspension of the lien; but on its surrender, or the offer to surrender it, the libellant was remitted to his original privilege, and could proceed in rem against the vessel, unless barred because of her domestic character. The General Smith, 4 Wheat. [17 U. S.] 438; Ramsay v. Allegre, 12 Wheat. [25 U. S.] 611; Peyroux v. Howard, 7 Pet. [32 U. S.] 324; Andrews v. Wall, 3 How. [44 U. S.] 568; The Chusan, [Case No. 2,717.]

It is argued that the schooner being built in this state is necessarily subject to the local law as a domestic vessel, and that she cannot acquire the character of a foreign bottom, until documented conformably to the laws of the United States, or of the domicil of her foreign owners. I apprehend the law is otherwise. The property in a vessel under our laws is acquired and disposed of the same as any other chattel, (3 Kent, Comm. 130.) and there is no evidence that the law of the owners' domicil is different, if that fact could vary the rights and remedies of the parties. To give her the privileges and benefits of our navigation laws, she must be documented pursuant to the provisions of those laws. The absence of such documents does not prove her to be a domestic vessel; on the contrary, it subjects her to be treated as a foreign one under our revenue laws, and, by parity of reason, in all other respects. That she left the state before the demand was preferred against her, does not accordingly bar the rights of the libellant to this remedy in rem in Admiralty, because the Court takes cognizance of the demand under the marine law, and not by force of the State statute.

I shall, therefore, pronounce in favor of the libellant for $156.98, with interest from November 28, 1845, the date of the note, and his costs to be taxed; the note to be delivered to the claimants, or cancelled at their election.

[NOTE. Waiver of the lien must be by express agreement, otherwise libel in rem can be maintained, on the surrender of the note. The Eclipse, Case No. 4,268; The Nestor, Id. 10,-126; The Gate City, Id. 5,267. But not where the note is outstanding, and it does not appear that it has not been negotiated. Ramsay v. Allegre, 12 Wheat. (25 U. S.) 611.]