### Case No. 2,023.

#### BROWN v. NOYES et al.

[2 Woodb. & M. 75.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1846.

CIRCUIT COURT—JURISDICTION—DIVERSE CITIZENSHIP—ACTION ON PROMISSORY NOTE—EVIDENCE — MERGER OF ORIGINAL CONSIDERATIONS — DEFENSES.

1. If a declaration is for money had and received, ($1,000,) and also for a like sum for goods sold in the usual form, and the plaintiff is described as a citizen of Rhode Island, and the defendants as citizens of Massachusetts, this court has prima facie jurisdiction in the case.

[Cited in Heriot v. Davis, Case No. 6,404; Burnham v. Rangeley, Id. 2,177.]

2. If at the trial, the plaintiff proves his case by a note from the defendants to a third person, promising to pay money to him, or order, and proves the indorsement by him to the plaintiff, this court still has jurisdiction, if the original promisee was a citizen of Rhode Island, and could sustain an action on the note without its being assigned, or indorsed.

[Cited in Heckscher v. Binney, Case No. 6,-316.]

3. A promissory note is good evidence, under the money counts, in a suit by an indorsee as well as by the payee, and entitles him to recover, unless rebutted by counter evidence.

[Cited in Heckscher v. Binney, Case No. 6,-316; Perry Manuf'g Co. v. Brown, Id. 11,-015.]

4. In Massachusetts and the courts of the United States such a note is not regarded as a merger of the original consideration; but if the conditions attached to the payment of that consideration have not been complied with, or followed, it is doubtful whether the plaintiff can recover on the general counts; and if any conditions are in the note, they are presumed to have been in the original liability, and a recovery could not be had on the note any more than on the original consideration, without a compliance with them.

[Cited in Whetmore v. Murdock, Case No. 17,510.]

5. If one of these terms or conditions be a credit of six months, and the time had expired

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

before suit, it will not defeat a recovery on the general counts; and so, if one of them was, that the money was payable at either of the banks in Boston, such a clause in a note does not exonerate the maker from paying, as if general in its place of payment, unless he proves that the money was got ready by him at the time and place mentioned.

At law. This was an action of assumpsit on several general counts for goods sold, money had and received, &c.

The plaintiff [Allen J. Brown] is described as a citizen of Rhode Island, and the defendants [Ira Noyes and C. A. Cobb] as citizens of Massachusetts; the sum, demanded in damages, both in the declaration and ad damnum, is $1,000.

The defendant, Noyes, appeared and pleaded, that he never promised jointly with Cobb, the other defendant, as alleged.

At the trial here, at an adjournment of this term, before Justice Sprague, the plaintiff offered in evidence in support of the money count in the declaration, a note dated at Abington, August 14th, 1845, to C. A. Cobb, or order, for $250, value received, payable in eight months, "at either bank in Boston," and signed by Noyes & Cobb. This was accompanied by other evidence that C. A. Cobb, the promisee, was then a citizen of Rhode Island, and of his indorsement of the note to the plaintiffs, who are also citizens of that state. Like evidence was offered too of another note between the same parties, of the like tenor, except it was dated November 14, 1845, and payable in six months. A verdict was taken on this evidence, subject to a motion for a new trial, for the following reasons, assigned by the counsel for the defendants: (1) That these notes were not competent evidence in support of the money counts; (2) that the case was not properly within the jurisdiction of the court, without an allegation in the declaration of the citizenship of the indorser of the notes, and (it being in a state different from that of the maker); (3) that evidence in respect to his citizenship at the trial was not admissible without such an allegation; (4) that the court erroneously directed, that it was not necessary to prove these notes had been presented for payment at "either of the banks in Boston." [Motion denied.]

Mr. Rantoul and C. L. Woodbury, for plaintiff.

Mr. Brigham, for defendant, Noyes.

WOODBURY, Circuit Justice. In respect to the first objection, that these notes were not competent evidence under the money counts, the practice in England, as well as in the United States, has been too long and too uniform in favor of it, to be disturbed now. It was a very natural and obvious practice in suits between the original parties to a note. 4 Pick. 421; 19 Pick. 13; 2 N. H. 331; 3 N. H. 80; 6 N. H. 51; 1 Har. & G. 468; 1 Chit. Pl. 372; 1 Camp. 75. Be-

cause the note not only admitted "value received," so as to furnish a good ground for a promise to pay a certain amount in money (3 Durn. & E. [3 Term R.] 174), and which is thus one of the strongest species of evidence in writing of having had money, or money's worth to that amount, but the note, by the decisions in Massachusetts and in the courts of the United States, was not a merger or bar to the original cause of action. See The Chusan [Case No. 2,717], and cases cited there; Hughes v. Wheeler, 8 Cow. 77; Leland v. The Medora, at this session [Case No. 8,237]; 14 Pick. 285; 2 Metc. [Mass.] 261. Hence, the original debt being for goods or money had, could as properly be sued for as the note, and required less care and risk than a special declaration on the note itself. But extending the practice to indorsers of the note was going a step farther, and not so clearly right, but is still well settled by adjudged cases. See 4 Esp. 201; 7 Halst. [12 N. J. Law] 141; 6 Greenl. 220; 12 Johns. 111; 8 Cow. 83. More especially is it the practice in this state, and on very sound principles, scientifically explained in Wild v. Fisher, 4 Pick. 421. See, also, 19 Pick. 13; 12 Pick. 136; 11 Pick. 316; 16 Pick. 345; 12 Mass. 172; 15 Mass. 69, 433. So in Page's Adm'rs v. Bank of Alexandria, 7 Wheat. [20 U. S.] 35, the indorsee is held prima facie entitled thus to recover, though the case is open to evidence, disproving the presumption from the face of the note. The vindication of this practice probably rests on the fact of the acknowledged indebtedness to the payee and the promise to pay, not only to him, but any person he may order or appoint. 2 W. Bl. 1269.

There is a privity in law, too, as well as the above contract to pay the holder, if ordered by the promisee. As, for instance, the maker admits he has had money, which he holds in trust not only for the promisee, but any other person whom he may appoint, and who advances a good consideration, so as in equity to be entitled to the amount. Ellsworth v. Brewer, 11 Pick. 319; State Bank v. Hurd, 12 Mass. 172; Ramsdell v. Soule, 12 Pick. 129. Nor does this construction work injustice to the promisor, if he is allowed any defense to the merits, as against the indorsee, under a suit in this form, which he would be allowed, if prosecuted in a different form. [Page's Adm'rs v. Bank of Alexandria] 7 Wheat [20 U. S.] 35, semb. That he should be indulged in such a defence to the note, therefore, seems reasonable; as if, for example, it was indorsed after due, and he has a good set-off; or was given for some illegal consideration, making it void even in the hands of third persons. No such defence was excluded here, as none such was set up. It is contended, also, that the suit on the money count should be open to any objection, as if the note was a special written contract, and hence if it contains

any stipulations as to time or place of payment, different from what exist on merely having money of another, those stipulations ought to control the parties, and are of such a special nature as not to be recovered on, except in special counts, either upon the original agreement or the note. But as this is made the fourth substantive ground for setting aside the verdict, I will postpone and consider it further under that head.

The second reason for a new trial does not come within the list of defences to the note itself, but it is a mere objection arising on the writ and declaration, to the jurisdiction of this court, and is founded on the idea, that the same averments must be made in a count for money had and received, where it is afterwards supported in evidence by a note indorsed or assigned to the plaintiff, as are required in a special count or the note itself. But in this, I apprehend, there is some error. The usual rules of pleading must be conformed to under different declarations, and also enough must appear on them, when a suit is brought in this court, to give it prima facie jurisdiction of the cause of action set out. [Turner v. Bank of North America] 4 Dall. [4 U. S.] 8–11; [Kempe v. Kennedy] 5 Cranch [9 U. S.] 185. Hence in this case, the parties being alleged to be citizens of different states, and the amount claimed as large as $500, and for money had and received, all is alleged which is required under the judiciary act [1 Stat. 79] in an action like this, for money had, to give to this court prima facie jurisdiction. 1 Summ. 578 [Wood v. Mann, Case No. 17,952]; Mollan v. Torrance, 9 Wheat. [22 U. S.] 537–539; [Bingham v. Cabbot] 3 Dall. [3 U. S.] 41; Nesmith v. Calvert [Case No. 10,123]; Wood v. Wagnon, 2 Cranch [6 U. S.] 9. And it is not contested, that those counts are not in the usual and technical form required by the rules of good pleading in actions for money had and received.

But had the cause of action as set out, been a declaration on an indorsed note in favor of the plaintiff, as indorsee, against the maker, the averment that he was a citizen of Rhode Island, and the defendant a citizen of Massachusetts, would perhaps not have been sufficient to give to us jurisdiction prima facie under the judiciary act. Because that act in its 11th section provides, that no court of the United States shall have "cognizance of any suit to recover the contents of any promissory note, or other chose in action in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents. if no assignment had been made, except in cases of foreign bills of exchange." 1 Stat. 79. Hence in order to entitle the indorsee to sue here on such a note, when he declares on it, he must also aver in his declaration. that the original payee was a citizen of a different

state from the maker, so as to be entitled, on the face of the declaration, to sue in this court upon it without an assignment. Without such an averment in a special count on a note, it would be bad on a writ of error. [Dromgoole v. Farmers' & Merchants' Bank] 2 How. [43 U. S.] 243; [Capron v. Van Noorden] 2 Cranch [6 U. S.] 126. If no jurisdiction appears on the record, the supreme court will dismiss the whole case. Bingham v. Cabbot, 3 Dall. [3 U. S.] 382; [Jackson v. Ashton] 8 Pet. [33 U. S.] 148; Story, Eq. Pl. § 26, note. Though, after final judgment, it could not be treated as an absolute nullity, nor vacated on motion, by the same court. [Kempe v. Kennedy] 5 Cranch [9 U. S.] 185; [Sheehy v. Mandeville] 6 Cranch [10 U. S.] 267; [McCormick v. Sullivant] 10 Wheat. [23 U. S.] 193; [Voorhees v. Jackson] 10 Pet. [35 U. S.] 451; 3 Ohio, 306; Wilde v. Com., 2 Metc. [Mass.] 408; Hopkin v. Com., 3 Metc. [Mass.] 460.

The policy of this clause in the judiciary act was to prevent parties from coming into this court by assignments, when those previously interested were not entitled to come here; and furthermore, not to encourage assignments to persons living remote, with a view to embarrass and exclude equitable defences in set-off. The declaration, then, being in legal form in the present case as for money had and received, and having all the averments, which in such a case are necessary by the judiciary act to give to this court prima facie jurisdiction, this objection cannot prevail. It is very common for a plaintiff to have several remedies in different forms for the same cause of action; such as assumpsit and debt, or trover and trespass or replevin, as well as in different counts in a declaration in the same form of action. But the counts, whether in the same or different forms of action, are unlike, and averments are usually necessary in one, which would be unnecessary if not bad in another. At the same time, when going to the evidence offered in the case, should it appear from that, this court had in truth no jurisdiction of the subject-matter, or the parties, it probably would not proceed to render judgment in the cause. See in U. S. v. New Bedford Bridge, this term [Case No. 15,867], and cases there cited; Rhode Island v. Massachusetts, 12 Pet. [37 U. S.] 719; 2 Gall. 345 [The Jerusalem, Case No. 7,294.] Because from the peculiar structure of this court, as one of special and limited jurisdiction, whenever and however that appears to be wanting, while the case is pending, the court feels usually bound to halt. Though it might be otherwise in most courts, where the want of jurisdiction relates only to the person, and a plea in abatement to the jurisdiction is there necessary, or is considered as waived by pleading to the merits. Wood v. Mann [Case No. 17,952]; Conard v. Atlantic Ins. Co., 1 Pet. [26 U. S.] 386; [Washington Bridge Co. v. Stewart] 3 How. [44 U. S.]

425; 1 Chit. Pl. 480; [Voorhees v. Jackson] 10 Pet. [35 U. S.] 473; 1 Mason, 363 [The Abby, Case No. 14.] See, on this, Union Bank v. Massachusetts. See [Washington Bridge Co. v. Stewart] 3 How. [44 U. S.] 413.

How is it, then, on turning to the evidence? From that it appears this note was originally given by a person, a citizen of Massachusetts, to a citizen of Rhode Island; and hence the maker of it could be sued on the note, or for money had and received in this court, without any assignment; and the assignment was not necessary to confer jurisdiction on this court in a suit either on the note, or on the original consideration for it. Such is the case, also, when a note runs to bearer or to the maker and his own order, and is indorsed by him. In neither of these cases does the note stand originally so favorably in truth and good faith for the jurisdiction of this court; because in neither could the person named as payee sue here, if he was a citizen of the same place as the promissor, as he always must be when payable to himself. But as no formal assignment is necessary in either to give jurisdiction here over the note, and as none was necessary in the present case, they stand alike in that respect, and may all be sued here by other persons of other states. See the cases to bearer, &c., cited in Towne v. Smith, in this district [Case No. 14,115]; 1 Story 29 [Wildes v. Savage, Case No. 17,653]; Bonnafee v. Williams, 3 How. [44 U. S.] 576; 1 McLean, 132 [Walton v. Coulson, Case No. 17,132]; [Patterson v. Jenks] 2 Pet. [27 U. S.] 226; 1 Mason, 251 [Bullard v. Bell, Case No. 2,121]; Evans v. Gee, 11 Pet. [36 U. S.] 80. This objection is, therefore, untenable. That virtually disposes of the third objection, also, as it is merely a ramification of the second one.

The fourth and last exception to the course pursued at the trial, is to the dispensing with any evidence of a demand of the note, or the money due at one of the Boston banks, and it raises a question of some complexity. Where, as in Massachusetts and in the courts of the United States, notes, accepted for a debt due, are not considered as merging the debt, and, unlike special contracts in writing, generally, do not preclude the party from resorting to a suit on the original cause of action, doubt exists whether, on principle, the terms of the note, as to the time, place, and manner of payment are restrictive, and govern in any way, or to any extent the right to recover on the original debt. See cases before cited. If the note is a mere collateral security for the debt, or a mere collateral undertaking, fixing new terms for itself, but not operating as a contract substituted fully or entirely for the original debt, then, on principle, it should be laid aside, and have no influence on the suit for the consideration. But if the note was a substitute or merger, then of course it ought to be declared on, and its terms in detail should control the right of recovery, whether a general count is substituted for a special one, or not. As before remarked, however, the rule in Massachusetts and this court not being generally, that the note is a merger of the original contract or debt, it would seem logical to consider all its special terms as relating to itself, and not the original debt, and to treat one as entirely collateral to the other, and standing on its own terms. I am inclined to think, also, that in such case, in strict law, its terms would not control the recovery, if there were no limitations in fact in the original consideration as to the time and place of payment. But if there were, those terms should still govern in a count for the original consideration, as much as in a count on the note; and the note itself, when no other evidence is offered of the terms attached to the original consideration, is presumptive evidence, that conditions or terms belonged to the latter, like those inserted in the note. 1 Chit. Pl. 372, and note.

Considering that to be the true rule, and this is the aspect of the case most favorable to the defendant, then the only question would be, whether those terms here have been substantially complied with. It is apparent from the date of the writ, May 20, 1846, that both notes, before suit, had become due; and it is conceded, that no evidence was given at the trial of any demand at either of the Boston banks, the designated place of payment in both, or of any readiness by the defendant, to pay at either. Was the plaintiff then bound in law to make such a demand before being able to sustain an action against the maker on the note? It has been frequently adjudged, that the maker of a note and the acceptor of a bill of exchange stand in this respect on the same footing. Story, Prom. Notes, § 269, note. It has been farther held in England, in several cases in the king's bench, that where one special place is named for payment, a demand there is not necessary to sustain an action against the acceptor, but only against indorsers or drawers, (2 Camp. 498); while in the common pleas a different doctrine once prevailed as to acceptors (Rowe v. Young, 2 Brod. & B. 165; Story, Prom. Notes, § 228, and note). After this conflict, eight of the twelve judges gave opinions in favor of the views in the king's bench. But the house of lords decided as in the common pleas. Thereupon parliament, by St. 1 & 2 Geo. IV. c. 78, confirmed the views of the king's bench, and enacted that, in such a case, no demand need be made at the place designated for payment, in order to sustain a suit against the acceptor.

In this country most of the decisions have been in conformity with those in the king's bench, and what is adopted in this act of parliament. 4 Johns. 183; 17 Johns. 248; 8 Cow. 271; 5 Leigh. 522; 4 Halst. [9 N. J. Law], 789. More especially have they been

so in Massachusetts and in the supreme court of the United States. 8 Mass. 480; Bank of U. S. v. Smith, 11 Wheat. [24 U. S.] 172; Wallace v. McConnell, 13 Pet. [38 U. S.] 136. And though different views seem to have been entertained by my predecessor (Picquet v. Curtis [Case No. 11,131]; Story, Prom. Notes, § 227, p. 274), and by Chancellor Kent (3 Kent, Comm. 97), yet the established precedents just referred to, cannot with propriety be departed from by us. I refrain, therefore, from going into an examination of the principle involved in them. It ought, however, to be noticed here, that this note does not, like those in most of the precedents, designate a single bank or house for payment, but "either of the banks in Boston." And though this expression has been considered as equivalent to the designation of one bank, for some purposes (Story, Prom. Notes, § 232), yet it strikes me as being open to a wider and looser course of action as to the demand, on the part of the holder, in order to charge the maker of the note.

When only one place is named, it raises some presumption, that when the day arrives the maker will have funds there to satisfy the note. And it has been held, that if he has, it may be a defence to the action, where no demand was made, or is held to be necessary. But however this may be, on principle, when but one place is named, if the place, on the contrary, be all or either of the banks in Boston, as in this instance, no presumption can arise, that he will have funds in each of them, at the day, to meet the note. The reason for this expression in such case, is not, that he has or intends to have funds in all of them for this purpose, but that if the holder chooses to lodge the note in either of those banks, and cause notice of it to be communicated to him, he will then place funds there. It can be no disappointment or injury to the maker in such case not to have this done, as there can be presumed to have been no previous arrangements made at all the banks. Indeed, if they had been made at one of them, or only in the city of Boston, they would probably be available and very acceptable to discharge the note in any part of Massachusetts, as funds in Boston, being usually the most valuable, are most acceptable.

But there is no evidence here that funds were in truth ready in any place or bank in this city, and were not very likely to be by one, who is said to have gone into insolvency about the time the notes fell due, and of whom, the holder of the note would doubtless have been pleased to accept funds in any part of the state, and would have demanded them at some of the banks in the city, if under the circumstances there had been the slightest expectation of payment at either of them. In strict pleading, if objected to, as now, there would have been a plausibility in requiring a special contract, if one preceded the note, to be declared on specially.

See 1 Chit. Pl. 372, and notes, and cases cited. But this was not made a specific objection, and, if it was, probably it could not prevail under the fact that the time of payment had expired before suit, and that the special place of payment named in the note does not, under the decisions and principles before referred to, alter the legal effect of the note, or original consideration of which it is proof, from being due generally, provided the party chooses so to call for it from the maker. The verdict cannot be set aside.