IN THE

# SUPREME JUDICIAL COURT

OF THE

# STATE OF MAINE.

61    9
104   450

PETER O. STRANG, surviving partner, *vs.* JAMES F. HIRST.

*Amendment—count upon the consideration of unaccepted bill of exchange allowed by way of amendment. Bill of exchange unaccepted—no payment of debt. Pleading—general issue admits plaintiff's capacity to sue.*

In Maine a promissory note, or an accepted bill of exchange is *prima facie* evidence of payment of the debt for which it is given; *aliter*, as to an unaccepted bill.

A bill of exchange, not accepted by drawee, is not an extinguishment of the original indebtedness on account of which it was given; hence, a new count, declaring upon such debt, may be added as an amendment of plaintiff's declaration upon such bill, since it introduces no new cause of action.

Upon a debt due a partnership, one of the members of which has deceased, the action must be brought in the names of the survivors, whether for their own benefit, or under the control of the administrator of the deceased partner.

Objection to plaintiff's right to maintain suit as surviving partner, because he has not given the bond required by law, must be taken in abatement, or it will be considered as waived.

The brief statement in this case, setting up this defense, is bad for duplicity.

VOL. LXI.      2

ON REPORT.

This action of assumpsit was originally brought in the names of Ammon Platt and Peter O. Strang, as surviving partners of the firm of George W. Ryley & Co., by writ dated July 12, 1869. Subsequently to that date, Platt died, and his death was suggested on the docket of January term, 1871. The cause came on for trial at the April term, 1871. In his declaration, as it then stood, the plaintiff counted upon two time bills of exchange drawn by defendant upon H. J. Libby & Company; alleging a presentment for acceptance of both bills, a refusal to accept, and a protest for that cause; also a presentment of one of the bills at maturity for payment, a refusal, and protest for non-payment. There were, also, the money counts, with a specification of the two drafts aforesaid as the claim to be proved. The plaintiff moved for leave to amend by annexing an account of defendant's indebtedness to Ryley & Co. for the wool for which said drafts were drawn; but the presiding judge ruled, as matter of law, that such an amendment was inadmissible, on the ground that it would introduce a new cause of action; and the plaintiffs excepted.

The defendant pleads the general issue, with the subjoined brief statement:

And defendant further says, by brief statement, that said plaintiff cannot maintain this action against him because he says the said supposed causes of action, if any there were, accrued to the firm of Geo. W. Ryley & Co., composed of Geo. W. Ryley, Ammon Platt, and Peter O. Strang, formerly doing business in Boston, as set forth in plaintiff's writ, and not to the plaintiff, nor to the plaintiff and said Ammon Platt. That before the commencement of this suit, to wit, on the          day of June, A. D. 1867, the said Ryley deceased, and since the commencement of this suit, as appears by the records of this court in this action, the said Platt deceased, and that the said Platt and Strang, during the lifetime of said Platt, did not give bond to the judge of probate in and for this county, nor to any other judge of probate in any county in this State, as surviving partners, as the law requires, to authorize them to settle the partnership affairs, nor has said Strang,

since the decease of said Ryley, or of said Platt, given such bond to any judge of probate for this or any other county in this State, to enable him to reduce the assets of said firm to his possession, and settle the affairs of said partnership. He, therefore, has no right to maintain this suit as surviving partner.

By LIBBEY & MAY, his attorneys.

After the introduction of the drafts, and of testimony showing their consideration, the course adopted with relation to them, and other matters not material to the understanding of the points decided in this cause, the case was withdrawn from the jury and reported to the law court, with the agreement that if, in the opinion of the law court, the evidence offered by the plaintiffs is legally admissible and would warrant a jury in finding a verdict for the plaintiffs, then the action is to stand for trial; or if, in the opinion of the law court, the amendment asked for in the written motion to amend before referred to can legally be made, then the action is to stand for trial, and the declaration is to be amended on such terms as the judge at *nisi prius* may determine.

*Frye & Cotton*, with *Enos T. Luce*, for plaintiff.

1. The proposed amendment was legally admissible.

The doctrine of the courts of Maine and Massachusetts that a promissory note given for goods sold is *prima facie* evidence of payment therefor, has never been extended to unaccepted bills of exchange. *Zerano* v. *Wilson*, 8 Cush. 424; *Alcock* v. *Hopkins*, 6 Cush. 484.

The defendant's bills of exchange were refused acceptance by H. J. Libby & Co. They did not, therefore, extinguish the debt for the wool. (Cases above cited.) The amendment can therefore be legally made, as it does not introduce a new cause of action. The case of *Perrin* v. *Keen*, 19 Maine, 355, is directly in point.

2. As to plaintiff's right to sue as surviving partner without having given bond.

The objection comes too late. Being a plea to the disability of

the plaintiff, it should have been pleaded in abatement and not in bar.

The objection to the maintenance of a suit by a surviving partner because he has not qualified himself by giving bond, is analogous to the case of objection to the maintenance of a suit by an administrator, because he has never been properly appointed. In a recent case, this court has decided that the objection that the plaintiff is not administrator must be taken by abatement and not in bar, and that the plea of general issue conclusively admits the plaintiff's capacity. *Brown* v. *Nourse*, 55 Maine, 230.

*A. Libby* and *S. & J. W. May*, for defendants, contended,

I. That neither the original plaintiffs, nor the present plaintiff, have ever qualified themselves to sue for and reduce to possession the assets of the firm, and settle the affairs of said partnership, as required by the law of this State. R. S., c. 69.

Compliance with this statute is an essential prerequisite to the maintenance of a suit by one as surviving partner to recover upon a debt due the firm. *Cook* v. *Lewis*, 36 Maine, 345; *Putnam* v. *Parker*, 55 Maine, 235.

The Louisiana code is similar in this respect to our statute. The objection we raise has there been held fatal to the suit, though not pleaded in abatement. Civil Code of Louisiana, Arts. 1131–2. *Flowers* v. *O'Conner*, 7 Louis. 197; *Crozier* v. *Hodge*, 3 Louis. 358; *Cutler* v. *Cochran*, 13 Louis. 484.

That court holds these requirements of the law to be conditions precedent to the maintenance of suit by a surviving partner.

II. There is no allegation in the writ of any promise by defendant to the firm of Geo. W. Ryley & Co. The only allegation is of a promise by defendant to said Strang & Platt, as surviving partners of that firm; and there is no pretence, nor a particle of proof, that the defendant (Hirst) ever made any promise to said Strang & Platt, as surviving partners.

III. There was no legal presentation for acceptance, and no legal protest, nor sufficient notice to defendant of non-acceptance

of the drafts. The counsel entered into an able and elaborate discussion of this point, but as the court, under the special agreement presenting the issues to them, did not render any decision upon it, it is unnecessary to reproduce the line of argument on this branch of the case.

IV. As to the proposed amendment. It cannot be made.

*First*—There is a variance between the count offered and the account annexed. The count declares on a promise by defendant to Peter Strang and Ammon Platt, while the account is of an indebtment to George W. Ryley & Co.

*Second*—It is proved that this firm were wool brokers. Then the legal presumption is that Hirst owed their principals, and not Ryley & Co., for the wool sold him. 1 Bouv. Law Dict., Tit., Brokers; 1 Pars. Merc. Law, 161; *Titcomb* v. *Seaver*, 4 Maine, 542; *Edmond* v. *Caldwell*, 15 Maine, 340; *Pitts* v. *Mower*, 18 Maine, 361.

*Third*—It introduces a new cause of action. The drafts paid for the wool. *Varner* v. *Nobleboro*, 2 Greenl. 121; *Newall* v. *Hussey*, 18 Maine, 249; *Perrin* v. *Keen*, 19 Maine, 355; *Comstock* v. *Smith*, 23 Maine, 202; *Bangor* v. *Warren*, 34 Maine, 324; *Fowler* v. *Ludwig*, 34 Maine, 455; *Vancleef* v. *Therasson*, 3 Pick. 12; *Ball* v. *Claflin*, 5 Pick. 303; 2 Pars. on Notes, 154, 155, note h.

*Fourth*—The account was adjusted by compromise and payment.

*Fifth*—The account annexed is barred by the statute of limitations, if sued now; can it be introduced as an amendment so as to relate back to 1869?

DICKERSON, J. Assumpsit against the defendant as drawee of two bills of exchange. The plaintiffs seasonably filed a written motion to amend their declaration by adding a count in *indebitatus assumpsit* for the wool for which the bills were given. The parties agree that if the amendment is allowable, the action is to stand for trial. The amendment is allowable, if it do not introduce a new cause of action; and it does not present new matter unless the ac-

ceptance of the bills, under the facts presented in evidence, is to be regarded as an extinguishment of the original debts.

Ever since the decision in *Thatcher* v. *Dinsmore*, rendered in 1809, 5 Mass. 299, the acceptance of a negotiable note, or bill of exchange, by the creditor for a preëxisting debt, has been held to be payment of such debt, both in Massachusetts and this State, unless a contrary intention is shown. The reason assigned for this presumption of fact is, that a creditor may indorse such paper, and if he could compel payment of the original debt, the debtor might be afterwards obliged to pay the note to the indorsee, and thus be twice charged, without any remedy at law.

This principle, however, obtains only in these States and Vermont ; the United States' courts, and the courts in England, New York, and the other States generally, holding the contrary doctrine—that the acceptance of such note or bill does not extinguish the debt, unless it is agreed that it shall operate as payment. *Peter* v. *Beverly*, 10 Pet. 532 ; *Ward* v. *Evans*, Ld. Raym'd, 928 ; *Mussen* v. *Price*, 4 East. 197 ; *Vail* v. *Foster*, 4 Comst. 312 ; *Ward* v. *Howe*, 38 N. H. 35.

Such also is the doctrine of the civil law, and of the States and countries that have adopted that system of jurisprudence. Pothier on Ob., p. 3, c. 2, art. 2 ; 1 Domat. B. 4, Tit. 3, § 1, p. 491 ; *Wallace* v. *Agry*, 4 Mason, 336 and 344.

In order to protect a debtor, who has given negotiable paper for an antecedent debt, from liability to be twice charged with the same debt, the courts that adopt this latter theory of the law upon this subject, also hold, in general, that the note or bill, must be produced, and cancelled or given up, before the creditor will be allowed to recover upon the original consideration. *Davis* v. *Dodd*, 4 Taunt. 602 ; *Holmes* v. *DeCamp*, 1 Johns. 34 ; *Hughes* v. *Wheeler*, 8 Cow. 77 ; *Schemmelpennich* v. *Bayard*, 4 Pet. 264 ; *Rangler* v. *Morton*, 4 Watts, 265.

Thus each of these different theories of the law alike protects the debtor from liability to pay the same debt twice.

While such is the law in other jurisdictions, the tendency of the

courts in Massachusetts and Maine has been to restrict rather than extend, the rule laid down in *Thatcher* v. *Dinsmore ante,* and *Varner* v. *Nobleboro,* 2 Greenl. 121; *Pomeroy* v. *Rice,* 16 Pick. 22; *Melledge* v. *Boston Iron Co.,* 5 Cush. 158; *Zerano* v. *Wilson,* 8 Cush. 424; *Perrin* v. *Keen,* 19 Maine, 355; *Paine* v. *Dwinel,* 53 Maine, 53.

The courts in these States also hold that the presumption of payment is rebutted, and the creditor may repudiate the security taken and rely upon the original contract, when there is any fraud in giving it, or it is accepted under an ignorance of the facts, or a misapprehension of the rights of the parties. *French* v. *Price,* 24 Pick. 21; *Paine* v. *Dwinel,* 53 Maine, 53.

Where a creditor accepts a note, or bill of exchange, for a debt, there is a presumption of fact that there is an agreement between the drawer and drawee that it will be accepted. The parties are presumed to act in good faith toward each other, and the tendering of such paper without such understanding is a breach of good faith. This may be done to obtain delay, or to deceive the creditor, by the delusive hope that in accepting the paper offered he gets additional security for his debt. Besides, the giving of such paper may have influenced the creditor to part with his property.

The drawees never agreed to accept the bills in suit, and on their presentment for acceptance, refused to accept them. When the plaintiffs took the bills they did so under a misapprehension of the relations existing between the defendant and the drawees—a misapprehension materially affecting the security they had a right to presume that they received. The bills having been taken by the plaintiffs in ignorance, or under a misapprehension of the facts, did not extinguish the account, which remains the same subsisting demand and may be brought in by way of amendment without introducing a new cause of action. This result follows from the principles laid down in the last two cases cited, to which may be added, *Perrin* v. *Keen,* 19 Maine, 355.

In addition to the non-acceptance and non-payment of the bills by the drawees, they remained matured and unpaid in the hands

of the plaintiffs, and were produced in court at the trial. There is, therefore, no liability on the part of the defendant to pay them, if he is held liable on the original contract; since, in that event, the plaintiffs could not maintain an action upon them; and if they should transfer them after maturity, the same equities would be open between the defendant and the indorsee as existed between the original parties. Thus the reason of the rule making the acceptance of such paper an extinguishment of the original debt does not exist, and the rule itself becomes inapplicable.

This is the view the court in Massachusetts adopted in a case less favorable to the plaintiffs in its facts than the one at bar, but otherwise almost identical with it. A master of a vessel drew a bill of exchange upon his owners, in a foreign port, for supplies furnished the vessel. The bill was not accepted nor paid, but was refused both acceptance and payment by the drawees, and was produced by the plaintiffs at the trial, and put upon the files of the court with the other papers. The court held that the bill furnished no defense to a recovery on the original account, on the ground that no action could thereafterward be maintained upon it against the defendant. *Zerano* v. *Wilson*, 8 Cush. 424.

We are not aware that the courts in this State or Massachusetts have extended the doctrine that the acceptance of negotiable paper for goods sold is *prima facie* evidence of payment therefor, to unaccepted bills of exchange. Nor do we see any valid reason why it should be thus applied. *Non constat* that the drawee will accept such bill, or that the holder or drawer will be able to maintain an action against him on account of it. While in this inchoate state such bill may be regarded in the light of a check before its presentment, which is not payment of the debt for which it is delivered, but merely evidence of a debt due from the drawer. Whether it shall operate as payment or not depends upon whether the drawee has funds in the bank to his credit upon which it is drawn, and whether the bank pays its bills and the checks duly drawn upon it, on demand. It is obvious that *certified* checks, and accepted

bills of exchange stand upon a different footing. *Taylor* v. *Wilson,* 11 Met. 44, 51.

As the case must go back for trial, it becomes unnecessary to determine the other question presented in the report.

*Action to stand for trial.*

APPLETON, C. J.; KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.

Upon the other question presented by the report, Appleton, C. J., drew the following opinion :

APPLETON, C. J. At common law, when one partner dies, the action must be brought in the name of the survivor or survivors. The executor cannot be joined. By R. S. of 1857, c. 87, § 10, " When one of several plaintiffs or defendants, in an action that survives, dies, his death may be suggested on the record, and the action may be further prosecuted or defended by the survivors."

The act of March 11, 1870, c. 128, by which the executor or administrator of a deceased party is permitted to prosecute or defend with the surviving plaintiffs or defendants, was passed since the commencement of this suit, and does not apply. *Treat* v. *Dwinel,* 59 Maine, 341.

It is insisted that this action cannot be prosecuted without giving bond, as required by R. S., c. 69, § 1.

This suit must be prosecuted in the name of the survivors, whether for the benefit of such survivors, or subject to the control of the administrator or executor of the deceased partner.

This suit was commenced July 12, 1869. The general issue was pleaded, and at the April term, 1871, a brief statement was filed, alleging that this action could not be maintained because George W. Ryley, one of the firm of George W. Ryley & Co., deceased before the commencement of this suit, and that since, Ammon Platt, one of said firm, has deceased, and the said Platt & Strang, during the lifetime of said Platt, did not give the bond required by R. S., c. 69, as surviving partners to authorize them to

settle partnership affairs, nor has said Strang, since the decease of said Ryley, or of said Platt, given such bond, etc.

The general issue admits the plaintiff's right to sue and prosecute. When one sues as administrator or executor his capacity to prosecute a suit as such can only be questioned by plea in abatement. *Brown* v. *Nourse*, 55 Maine, 230. The objection taken to , the maintenance of the suit by a surviving partner, because he may not have given the bond required by the statute, is analogous to the one that an administrator has not been properly appointed. It was not seasonably taken. The defendant should not have delayed for more than two years before making this objection.

Again, a brief statement under the statutes is a substitute for a special plea at common law. The party filing such statement is entitled to the same rights under it as he would have at common law in case of a special plea, and no more. *Williams* v. *Mallett*, 16 Maine, 84; *Chase* v. *Fish*, 16 Maine, 132. But a special plea would be bad for duplicity, and so would a brief statement. The brief statement is clearly bad for this cause.

But for aught that appears, the administrator of Ryley, or of Platt, may have given the bond required as such administrator, and in that event the action must be prosecuted in the name of the surviving partner. *Putnam* v. *Parker*, 55 Maine, 235. It could not have been prosecuted in any other name, when commenced. The brief statement may all be true, and yet this action is maintainable.                                    *Action to stand for trial.*

KENT, WALTON, DICKERSON, and BARROWS, JJ., concurred.