HORACE WEBSTER and CHARLES W. LAWRENCE,
Respondents, v. JAMES P. BAINBRIDGE, Appellant.

*Order striking out an answer as frivolous — appealable — A note, in order to have the
effect of extending the time of payment of a past debt, must be negotiable.*

In an action to recover for liquors sold to the defendant, the defendant set up
that the plaintiff had accepted the defendant's promissory note for the amount
due, whereby the time for the payment of the debt was extended, and that such
note was not yet due.
*Held,* that as the answer did not allege that the note so accepted was a negotiable
note, it was properly overruled as frivolous.
An order striking out an answer as frivolous is appealable.

Appeal from an order striking out an answer herein as frivolous,
and directing judgment for the plaintiffs for the relief demanded in
the complaint, with costs. These actions, two in number, were
brought to recover for liquors sold to the defendant by the plaintiffs,
the original term of credit for which had expired. The only defense
set up in the answer was that the time of payment had been extended.
In one action the answer alleged " that in pursuance of an agree-
ment the defendant made and gave to the said plaintiff *his promis-
sory notes,* which the said agent then and there received and accepted
in settlement of said indebtedness, and the defendant alleges that
neither of said notes has yet matured or become due, or any part
thereof," and in the other that " they took from the said defendant
*his note* for such amount, payable June 16, 1877, which they have
ever since retained, and which they never offered to release to the
defendant until this suit was brought; and thus, defendant alleges,
that said indebtedness of this defendant was thus arranged, and that
said note has not yet matured or become due, or any part thereof."

A motion was made to dismiss the appeal, on the ground that the
order was not appealable.

*Wm. E. Edmonds,* for the appellant.

*Nathaniel Foote,* for the respondents.

TALCOTT, J.:

We think the appeal in this case is properly brought from the order to strike out the answer of the defendant as frivolous, otherwise the defendants seem to be remediless, as when the answer is struck out as frivolous, it no longer appears upon the record, and the judgment is entered up in form, as for want of an answer. (*Briggs et al.* v. *Bergen*, 23 N. Y., 162; *The J. Dixon Crucible Co.* v. *The New York Steel Works*, 57 Barb., 447.) Consequently the motion to dismiss the appeal must be denied.

As to the merits of the order striking out the defendants' order as frivolous, the answer does not purport to set up any defense to the action, except that the plaintiffs, through their agent, accepted the promissory note of the defendants, whereby the time for the payment of the debt was extended. It seems that the acceptance of a negotiable note of the debtor operates to suspend the cause of action until the maturity of the note, but if the note be not negotiable it is otherwise. (*Geller* v. *Seixas*, 4 Abb., 103; *Hughes* v. *Wheeler*, 8 Cow., 77; *Raymond* v. *Merchant*, 3 id., 147.)

The answer in this case does not aver the note given for the extended credit to have been negotiable; and the plaintiffs in their complaint allege that they are still the owners and holders of the notes given on the extension, and that they are ready and willing to surrender the same to the defendant. (*Cole* v. *Sackett*, 1 Hill, 516; *Hill* v. *Beebe*, 13 N. Y., 556.)

The result is, that the motion to dismiss the appeal must be denied, and the order appealed from affirmed, with ten dollars costs and disbursements.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Motion to dismiss appeal denied; order appealed from affirmed, with ten dollars costs and disbursements in two cases.